STATE of Tennessee, Appellee,

v.

Earl BARBER, Appellant.

Supreme Court of Tennessee.

March 10, 1980.

Tommy E. Doyle, Townsend & Doyle, Linden, for appellant.

William O. Kelly, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellee.

OPINION

COOPER, Justice.

The application for permission to appeal was granted to review the denial of appellant's petition for a suspended sentence and probation. On doing so, we have concluded that the trial judge abused his discretion in denying appellant's petition.

In *State v. Grear,* 568 S.W.2d 285, 286 (Tenn.1978), this court held that in order to justify reversal based on abuse of discretion, an appellate court must,

demonstrate that the record contains no substantial evidence to support the conclusion of the trial court that the defendant is not entitled to probation or suspended sentence, giving due consideration to the criteria set out in the statute [T.C.A. § 40–2904] and decisions of this Court . . . .

Bearing this standard of review in mind, we find that Earl Barber was convicted of selling approximately one ounce of marijuana to an undercover agent, the sale having occurred on January 29, 1976. Because of the ongoing activities of the undercover agent in Lewis County and not wanting to reveal the identity of the agent prematurely, the prosecution waited until October 19, 1977, to swear out and serve a warrant on appellant. During this time, and not knowing that his liberty was in jeopardy because of the sale on January 29, 1976, appellant ceased his unlawful activities within days of the sale, and has lived the life of an exemplary citizen in the twenty months between the sale and his arrest. Needless to say, he has continued to live an exemplary life since his arrest.

At the hearing on the petition for a suspended sentence and probation, the appellant testified he had been laid off from his job for some thirteen months at the time of the offense, and candidly admitted that toward the end of his period of unemployment, he had sold marijuana in order to pay his family's immediate living expenses. This admission on the part of the appellant was the primary predicate for the denial of the petition for a suspended sentence, with the trial judge concluding that:

. . . he has admitted that he was a merchant of marijuana, which is a classified drug and the fact that certainly society has through its legislature has decreed that it is not in the best interest of society that people either use or sell for other peoples' use certain enumerated drugs and marijuana being one of them I sincerely believe that both for the benefit of this man and for the benefit of society that the sentence not be suspended.

 As is pointed out in the dissenting opinion in the Court of Criminal Appeals, "it is true that the legislature has proscribed the sale of marijuana. But it is equally true that the legislature has authorized the use of probation as a rehabilitative tool in such cases, regardless of how guilty the offender might be, where the circumstances otherwise justify it." T.C.A. §§ 40–2901 et seq.; Boykins v. State, 584 S.W.2d 194 (Tenn.1979); Moten v. State, 559 S.W.2d 770, 771 (Tenn.1977). See also Stiller v. State, 516 S.W.2d 617 (Tenn.1974), wherein this court had the following to say:

The majority opinion of the Court of Criminal Appeals proceeds upon the general basis that the "enormity of this defendant's crime" precluded the suspension of his sentences and placing him on probation. That this is a legitimate factor for the Court to consider is beyond question, but it is equally beyond question that it is but one of a number of considerations by which the Court must be guided in determining whether to grant or withhold suspension and probation. Other statutory considerations are the defendant's criminal record, social history, present condition and, in proper cases, his physical and mental condition.

An additional factor to be considered by the trial judge in ruling on a petition for suspended sentence and probation is "whether the granting of probation will benefit the defendant and the public." T.C.A. § 40–2904.[1]

These factors are all in Barber's favor. He has no prior criminal record, his military service was honorable, his social history is without blemish other than the conviction

---

1. After Barber committed the offense for which he was convicted, the legislature expressly recognized the fact that the trial judge "may deny probation upon the ground of the deterrent effect upon other criminal activity." T.C.A. § 40–2904. There is evidence in the record that the trial judge considered "deterrence" in denying appellant's petition. This was an improper consideration in this case. See Boykins v. State, supra, where this court held that retroactive application of the 1978 amendment to T.C.A. § 40–2904 would constitute an ex post facto violation.

under consideration, he is working and supporting his wife and her four children, his work record is good, and there is no adverse reference in the record to either his mental or physical condition. Further, and contrary to the usual case, because of the prosecution's long delay in seeking a warrant against appellant, appellant has a proven "track record" or rehabilitation to be evaluated. As to his "track record," all the evidence emphasizes the fact that appellant has rehabilitated himself without incarceration, or even a known threat of incarceration. In short, appellant is a proven, ideal prospect for probation.

Under these circumstances, we are satisfied that the standard of review enunciated in *Grear, supra* leads to the inescapable conclusion that the trial judge abused his discretion in denying appellant's petition for a suspended sentence and probation.

The case is reversed and remanded to the trial court "for the entry of an order of probation to include 'such conditions of probation as the trial judge shall deem fit and proper.'" *Moten v. State, supra,* 559 S.W.2d at 773.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.