STATE of Tennessee, Appellee,

v.

**Raymond Washington RICHERSON, Sr., Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 11, 1980.

Permission to Appeal Denied by Supreme Court March 2, 1981.

Robert I. Livingston, Henderson, for appellant.

William M. Leech, Jr., Atty. Gen., James A. DeLanis, Asst. Atty. Gen., Nashville, James G. (Jerry) Woodall, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

TATUM, Judge.

This is an appeal from the Criminal Court of Madison County from a judgment assigning consecutive sentences and denying suspended sentences. The defendant, Raymond Washington Richerson, Sr., was convicted of 46 violations of the false pretense statute, T.C.A. § 39–1901. Twenty-nine convictions were for obtaining over $200.00 in violation of the statute for which punishment was imposed at not less than 5 years nor more than 8 years confinement in the State penitentiary on each of these twenty-nine counts. He was convicted on 17 counts of obtaining less than $200.00 by false pretense, and his punishment was fixed at not less than 1 year nor more than 2 years in the State penitentiary for each of these violations.

The trial judge ordered one of the 5-to-8-years terms and one of the 1-to-2-years terms to be served consecutively; he ordered the remaining sentences to run concurrently with each other and concurrently with the two consecutive sentences.

■ The defendant first presents us with the issue of whether the trial judge abused his discretion in ordering the 1-to-2-years sentences to be served consecutively to the remaining penitentiary sentences. In *Gray v. State*, 538 S.W.2d 391 (Tenn.1976), the Supreme Court designated several classifications of offenders for whom consecutive sentencing may be appropriate. Among these classifications is the "multiple offender," defined as "one whose record of criminal activity is extensive." *Id.*, at 393. We have no hesitancy in holding that 46 felonies committed within a period beginning in 1975 and ending in 1979 comes within this definition.

We find no abuse of discretion and resolve this issue in favor of the State.

■ The defendant next presents issue that the trial judge abused his discretion in refusing to suspend these 46 penitentiary sentences. For an appellate court to find an abuse of discretion, the record must be devoid of substantial evidence to support the trial court's conclusion that the defendant does not deserve probation. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn.1978). A decision to deny probation may be based on one appropriate factor. *Powers v. State*, 577 S.W.2d 684, 685 (Tenn.Cr.App.1979).

■ The defendant is a man 56 years old, who is in the insurance business and also has engaged himself extensively as a minister and gospel singer. He has served his community well as a civic leader and churchman; he has enjoyed an excellent reputation among substantial citizens in the Jackson area. He and his wife have a good marriage, and they have successfully reared five children. Approximately 50 letters praising the good character of the defendant were submitted with the record.

On the other hand, the evidence reflects that he has been engaging in this criminal activity for over three and one-half years. His practice was to accept premiums for insurance on homes, automobiles, and church buses and fraudulently keep the money without procuring insurance for his clients. He concedes that the evidence of his guilt is overwhelming, but he continues to insist upon his innocence. There is evidence that he "feels no remorse" because of his conduct.

The trial judge stated, in substance, that probation was denied because of the "facts and circumstances" surrounding the criminal activity and that the defendant was not a proper person for probation. As stated, the defendant engaged in an extensive practice of betraying the trust of his friends and customers over a protracted period of time. We have already held that the defendant's conduct puts him within the classification of a multiple offender; this type of conduct justifies consecutive sentencing,

and we hold also that it justifies denial of probation. We also observe that the lack of remorse has a direct bearing on a defendant's prospect for rehabilitation.

The effective maximum sentence imposed was 10 years when the total minimum sentences was 162 years. We find no abuse of discretion by the trial judge.

Finding no error, we affirm the judgments of the court below.

DAUGHERTY and SCOTT, JJ., concur.