**STATE of Tennessee, Appellee,**

v.

**Shirley SPILLER, Appellant.**

Court of Criminal Appeals of Tennessee, Jackson.

Dec. 10, 1981.

Permission to Appeal Denied by Supreme Court Feb. 22, 1982.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Jon Kerry Blackwood, Asst. Dist. Atty. Gen., Somerville, Paul E. Dew, Asst. Dist. Atty. Gen., Ripley, for appellee.

Joe H. Walker, Jr., Joe H. Walker, III, Ripley, for appellant.

OPINION

WALKER, Presiding Judge.

The Lauderdale County grand jury indicted the appellant, Shirley C. Spiller, for larceny by trick, scheme or device of approximately $21,927 from the Lauderdale County Board of Education over the period May 18, 1976, through December 1, 1979.

Before trial the indictment was amended to reflect the value of the goods as $11,000 and the dates of the offense between September 7, 1979, and December 1, 1979. The petit jury found Ms. Spiller guilty of grand larceny and fixed her punishment at not less than three nor more than five years in the penitentiary. On overruling the motion for a new trial and denying the petition for a suspended sentence, the trial judge ordered the sentence to be served in the Lauderdale County jail and indicated that he would again consider the petition after six months of satisfactory service.

On this appeal the appellant raises three issues: (1) that the court erred in denying her motion for acquittal; (2) that the court erred in refusing to charge her special request; and (3) the court erred in denying her motion for a suspended sentence.

The appellant had been employed as bookkeeper of the Lauderdale County Board of Education for about ten years before December 6, 1979. Her gross monthly salary was $828 with a net salary of approximately $629. The state's proof showed that this was the entire compensation to which she was entitled.

At one time Ms. Spiller prepared the payroll warrants, but at the time in question those duties had been assigned to a clerk in the office. Ms. Spiller and two others had access to the computer and the check writing machine. Part of her duties was to issue vendor and other warrants for disbursing funds from the office. In the period under investigation, without authority to do so, she issued nine warrants to herself totalling $11,000. She deposited the warrants in her bank in her joint account with her husband and in one instance that of her son.

Ms. Spiller testified that, in addition to her regular duties, she did additional work under government contracts, and she thought that she had authority to take the funds for extra work she had done or anticipated doing during fiscal year July 1, 1979, to June 30, 1980. This extra work involved federal programs administered by the Board of Education and was often done by working overtime and on Saturdays. The superintendent of schools denied that she had this authority or that she was entitled to this compensation. She could not name a specific federal program that would justify her taking the funds and had no records to support her.

In contending that the trial judge should have granted her motion for acquittal, Ms. Spiller contends that the state failed to prove an essential element of larceny, that being a trespass. She says that at most the state proved a fraudulent breach of trust, a crime for which she was not charged.

Her reliance on *Hill v. State*, 159 Tenn. 297, 17 S.W.2d 913 (1929), is misplaced. In that case, although some facts are similar to this case, Hill owned half of the corporation from which he stole funds and was its secretary, treasurer and general manager with control over all of the funds and disposition of the funds in the corporation.

In *Wright v. State*, 549 S.W.2d 682 (Tenn. 1977), our Supreme Court explained the meaning of trespass in larceny cases. It quotes with approval *Defrese v. State*, 50 Tenn. 53 (1870), in which the court held that when the owner did not part with possession willingly, or when there was a fraudulent appropriation there was a "wrong, trespass, a violation of the possession." In *Defrese*, supra, the court said that if possession be obtained by stratagem, artifice or fraud whereby the owner is induced to part with his property, the law will raise a constructive trespass.

In *Wright*, supra, at 684, the court approved this definition of trespass:

"Trespass is a wrong to another's possession or any wrongful dealing, *invito domino*, with the property of another, being, in larceny, the unlawful taking of personal property from the possession of another without his consent."

The property (money) was possessed by the Board of Education. The appellant was authorized during this period only to write checks for the payment of bills and obligations of the school system; her authority did not extend to the issuance of

payroll checks or warrants to herself for additional income. When she wrote the warrants totaling $11,000, she went beyond the limited scope of her employment and took possession of money not entrusted to her.

We hold that the essential element of trespass was established in this case, along with the other essentials of larceny. This issue is overruled.

The appellant's special request which she contends the trial judge should have given was:

"The taking must be done without color of right or excuse for the act, and with the intent to deprive the owner, not temporarily, but permanently of his property. If the original taking was lawful or with consent of the owner, the wrong is not larceny."

The trial judge instructed the jury:

"In order to convict in this case you must be satisfied beyond a reasonable doubt that the defendant took and carried away some personal property, belonging to the Lauderdale County Board of Education, and that the same was done with intent to permanently deprive the true owner thereof, and that the said personal property had some value, and that the act of taking was done unlawfully and without consent of the owner of the property."

■ Although not in identical language, the instruction conforms substantially to T.P.I.—Crim. sec. 28.01. It is accurate and adequately covers the special request. It is not error to refuse a special request where the charge as given fully and fairly states the applicable law. *Edwards v. State*, 540 S.W.2d 641 (Tenn.1976).

This issue is without merit.

The appellant strongly insists that the trial judge abused his discretion by denying her probation.

A number of public officials and prominent citizens of the community testified that Ms. Spiller had suffered enough, that she was worthy of probation and that confinement would be harmful to her. She is involved in many church and civic activities and has never been charged with a crime before. She has made restitution of the $11,000 involved here. In her testimony, she showed remorse for taking any money not belonging to her. The probation report was favorable. A clinical psychologist who is director of the Lauderdale County Counseling Center testified that if she were sent to the penitentiary she would probably have a breakdown and require hospitalization.

■ The burden of proof is on the accused to specifically show that he or she is entitled to a probated sentence. The judgment denying the petition is presumed to be correct and is not reviewable on appeal except for an arbitrary and capricious abuse of discretion. T.C.A. § 40–2904(a)(1). For an appellate court to find an abuse of discretion, the record must contain no substantial evidence to support the judge's conclusion. *State v. Grear*, 568 S.W.2d 285 (Tenn. 1978), cert. denied 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979). The judge considers whether the granting of probation will benefit the defendant and the public; and he may deny relief on the ground of the deterrent effect upon other criminal activity. T.C.A. § 40–2904(a)(1). Denial may be based on one appropriate factor. *Powers v. State*, 577 S.W.2d 684 (Tenn.Cr.App.1978).

The trial judge carefully and conscientiously considered all of the factors outlined in *Stiller v. State*, 516 S.W.2d 617 (Tenn. 1974), in deciding this question. In every respect other than deterrence to society, the trial judge's remarks indicated that this case presented a proper one for probation. In denying the petition, he said, in part: "I have got to look at it from the viewpoint that there are literally hundreds and hundreds and hundreds of public employees in this state, that if it is assumed that you can take money that doesn't belong to you and when they catch you pay it back and that is the end of it. I can't—I can't view it all in one direction."

■ Although this appellant is not likely to repeat this crime, we think that TCA 40–2904(a)(1) refers to deterrence to society

in general. For this reason alone, we cannot say that the trial judge acted arbitrarily or capriciously in denying probation to one who appears otherwise a proper candidate for leniency. His refusal to grant probation must, therefore, be sustained.

Affirmed.

TATUM and CORNELIUS, JJ., concur.