**STATE of Tennessee, Appellee,**

v.

**Esther Sue MICHAEL, Appellant.**

Supreme Court of Tennessee.

March 15, 1982.

Dennis W. Plunk, Hopper & Plunk, P. C., Savannah, for appellant.

William M. Leech, Jr., Atty. Gen., Sylvia Ford Brown, Asst. Atty. Gen., Nashville, for appellee.

E. E. Edwards, III, Nashville, for amicus curiae.

## OPINION

FONES, Justice.

The sole question before this Court concerns abuse of discretion in denying probation on grounds of the nature of the offense and the deterrence value of the sentence.

Defendant, Esther Sue Michael, had been married and divorced to both John Melson, who fathered defendant's daughter, and Donald Michael. On March 1, 1979, defend-

ant was at the home of her first ex-husband, John Melson, when her second ex-husband, Donald Michael, appeared at the house. Defendant, apprehensive of some altercation, left the residence but was returning to retrieve her purse when she heard two gun shots. Upon entering the house, defendant found Melson whom she believed to be dead. Michael then threatened the life of defendant and that of her daughter if they reported the incident. Defendant was forced to accompany Michael to a "dumping" area where the weapon and gun shells were disposed of. Three days later defendant was arrested at which time she gave a full account of the shooting. Defendant testified against Michael at his trial for first degree murder and insisted that she did not come forward immediately out of fear of retribution by Michael.

At defendant's hearing for suspended sentence, proof was offered to show that defendant was a thirty-one year old woman with no prior criminal record, that defendant had a ten-year-old daughter for whom she is the sole "breadwinner;" that she is active in a local church and possessed of a good reputation within the community; that she has steady employment at the Brown Shoe Factory and is remorseful about her failure to report the "shooting." Defendant pled guilty to a charge of being an accessory after the fact of first degree murder in violation of T.C.A. § 39–112. She received a prison term of not less nor more than one year and was refused a suspended sentence. The trial judge orally based his decision to refuse suspension upon the circumstances of the offense, and in the trial court's written final order the deterrent effect as to others was added as an additional reason to deny suspension.

The Court of Criminal Appeals affirmed the denial reasoning that the nature of the offense alone was not sufficient reason for denying probation but when combined with deterrence there was sufficient reason. Based upon the abuse of discretion standard for review of *State v. Grear*, 568 S.W.2d 285 (Tenn.1978), the Court of Criminal Appeals was able to find substantial evidence of deterrence within the record because deter-

rence has been held a factor "uniformly present" in every case. *Moten v. State*, 559 S.W.2d 770, 773 (Tenn.1977).

### I.

In *Moten*, a 3–2 decision of this Court, the majority opinion made the following comments about deterrence:

"Reliance upon this factor would defeat the whole concept of probation. While the other factors listed in *Stiller* may or may not be present or applicable or significant in any given case, deterence is a factor which is uniformly present. Thus, even if all factors gravitate in defendant's favor in a given case, probation would be defeated by the fact that to suspend the sentence would destroy the conviction's deterrent value. Reliance on this factor is no more realistic or reasonable than denying probation on grounds that the defendant committed a crime." *Id.* at 773.

In making the point that some deterrence is present in every case we did not intend to say that the factor of deterrence has exactly the same weight in every case. An element of deterrence is present in every case but the degree of significance of this factor in restraining the offender or curbing the propensity for criminal activity in others, varies widely with the class of offense and the facts of each case.

In the case of armed robberies where victims or bystanders are injured the deterrence factor generally will require a denial of probation, irrespective of the strength of other factors favoring probation. On the other hand the rare offense of failing to report a crime committed by a twice divorced woman who unwittingly learned that one of her ex-husbands had murdered her other ex-husband and who had reason to fear for the safety of her daughter and herself, involves, in our opinion, an insignificant degree of deterrence.

The Legislature added the following sentence to T.C.A. § 40–2904: "The trial judge *may* deny probation upon the ground of the deterrent affect upon *other*

*criminal activity."* (Emphasis added.) Clearly, a trial judge has discretion to find that the deterrent effect justifies denial of probation, and just as clearly has discretion to find that the deterrence factor does not warrant a denial of probation. In short, the case law and the legislative declaration envision an examination of the deterrence factor in the context of each case and assigning it such weight, credit and value as the circumstances warrant.

## II.

 T.C.A. § 40–2904 and *Stiller v. State*, 516 S.W.2d 617, 621 (Tenn.1974), outline five additional factors a trial judge may properly consider in determining whether to suspend sentences. They include: 1) the enormity of defendant's crime; 2) defendant's criminal record; 3) social history; 4) present condition; and 5) physical and mental condition. While society has a strong interest in all citizens reporting knowledge of criminal activity, the factors listed above present a compelling argument for suspension and probation in this case. First, defendant had compelling incentive for not reporting the crime in that the safety of her child and self were threatened by a man who she had just discovered was capable of murder. Second, defendant argued that T.C.A. § 39–112 exempts relatives and spouses of principals from guilt for harboring, concealing or aiding the perpetrator. Admittedly, defendant was divorced from both men but the peculiar relationships involved in these facts are hard to dismiss in this case. Finally, defendant performed no affirmative act in the crime. Obviously, defendant was under a duty to report the crime and her failure to do so merits conviction but given the inherent relationship and nature of her crime, probation would seem an appropriate solution.

We find that the factors supporting probation of this defendant are exceptionally strong and the grounds relied upon by the trial judge in denying probation are relatively insignificant. We conclude that the trial judge abused his discretion in refusing to grant defendant's petition for probation.

The judgment of the Court of Criminal Appeals is reversed and this case is remanded to the trial court for the entry of an order of probation, upon such conditions of probation as the trial judge shall deem fit and proper.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.