STATE of Tennessee, Appellee,

v.

**Allan Wayne GENTRY, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 11, 1983.

On Petition to Rehear
March 28, 1983.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 15, 1983.

Herbert S. Moncier, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., Wayne E. Uhl, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, Steve Bebb, Asst. Dist. Atty., Sweetwater, for appellee.

## OPINION

TATUM, Judge.

This is an appeal from a judgment denying a suspended sentence. The defendant entered a bargained plea of nolo contendere to a charge of attempting to pass a forged instrument and was sentenced to a penitentiary term of not less than 3 years nor more than 6 years. After an evidentiary hearing, the trial judge denied a suspended sentence because the defendant had committed "five or six" felonies and was a multi-offender. The trial judge apparently was not convinced that the defendant had been rehabilitated or that he was a worthy candidate for probation; the judge said that if the defendant had not been apprehended, he would still be violating the law. The trial judge also denied probation on the ground of deterrence. We affirm the judgment of the trial court.

The facts of the case are that in March of 1980, the defendant read an advertisement in a Knoxville newspaper that Mr. Charles Lee had a large quantity of silver coins for sale. The defendant contacted Mr. Lee using the fictitious name of David R. Martin. He told Mr. Lee that he represented a private investor and that he wanted to look at the coins. The defendant drove out to Madisonville, looked at the coins, and agreed to pay Mr. Lee the sum of $52,700 for them. He left that morning and returned with a forged cashier's check in the sum of $52,700 after the banks closed that day. Mr. Lee would not deliver the coins until he verified

the validity of the check, however, and since the banks were closed, the defendant told Mr. Lee that he would return the next morning to accept delivery of the coins. The defendant left and did not return.

After the defendant pled nolo contendere to the above offense, but before the probation hearing in this case, the defendant had pled guilty in Knox County to four counts of passing forged instruments and one count of concealing stolen property. He had been sentenced to not less than 4 years nor more than 10 years for each of these five offenses. Some of the victims to the Knox County offenses testified at the probation hearing. We will summarize this evidence.

Debra LeVan testified that on February 4, 1980, the defendant telephoned her under the fictitious name of David R. Martin, in response to an ad she had placed in a Knoxville newspaper advertising that she had a quantity of silver for sale. The defendant came to her home and gave her a $3,300 cashier's check, taking delivery of her family silver. It later developed that the cashier's check was forged. Mrs. LeVan recovered neither her silver nor any money. The defendant telephoned her several times later to ridicule her. He would identify himself by his alias, laugh, and ask her if she had any more silver to sell.

June Perke testified that she was in the furniture upholstering business and that the defendant had brought some furniture to her to be reupholstered. The defendant paid her with personal money orders which she later discovered were forged.

An employee of the United American Bank in Nashville established that the checks given by the defendant to Ms. LeVan and Mr. Lee were forgeries. He produced two similar checks in the sums of $13,100 and $23,354.54. The larger of these checks was made to David R. Martin and the other check was made to James Devitt. Both were forgeries.

The defendant was 34 years of age and a graduate of the University of Tennessee. He apparently had a good reputation. He was single at the time of the probation hearing although he was living with his girlfriend. He had previously been married and divorced twice. There were numerous witnesses attesting to his regular work record and reliability.

■ The burden of proof is on a defendant seeking probation to show that he is entitled to it. He must show that he is willing and able to rehabilitate himself, and that there is a reasonable probability that he will practice good citizenship in the future. It must appear that the granting of probation will benefit both the defendant and the public. *Frazier v. State*, 556 S.W.2d 239 (Tenn.Cr.App.1977); T.C.A. § 40-21-104.

■ While the defendant offered evidence of good reputation, there was little assurance to the trial judge as to what could be expected of the defendant in the future if he was granted probation. This resulted because the defendant did not testify at the hearing. While we do not hold that it is essential for a defendant to testify, we do observe that it is generally difficult for a defendant to bear the burden of proof in the particulars previously mentioned without testifying.

■ As stated above, the defendant committed approximately six felonies over a period of three or four months. The evidence demonstrates that the defendant used a cool and calculated method of systematically defrauding his victims of large sums. Of course, other criminal activity is of vital importance for the consideration of the trial judge and has been set out as a factor in *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974). The trial judge's decision to deny probation can be based on one appropriate factor. *State v. Spiller*, 631 S.W.2d 467 (Tenn.Cr.App.1981); *State v. Richerson*, 612 S.W.2d 194 (Tenn.Cr.App.1980).

■ Moreover, we think that the trial judge properly considered the deterrence factor. The defendant cites *State v. Michael*, 629 S.W.2d 13 (Tenn.1982) for the proposition that circumstances of the offense and deterrence reasons for denying

probation may be insufficient if other factors supporting probation are exceptionally strong. We not agree with the defendant's interpretation of the *Michael* case as applied to the case at bar. The *Michael* opinion may be distinguished from the present case since the defendant here had none of the same compelling reasons to be involved in a crime. In this case the reasons submitted by the defendant in support of probation are "relatively insignificant" to the grounds for denial advanced by the trial judge.

For all of these reasons, we hold that the trial judge did not abuse his discretion and we affirm his judgment denying probation.

BYERS and CORNELIUS, JJ., concur.

### ON PETITION TO REHEAR

The appellant's petition to rehear is denied.

/s/ Lloyd Tatum
Lloyd Tatum, Judge
/s/ John K. Byers
John K. Byers, Judge
/s/ Allen R. Cornelius
Allen R. Cornelius, Judge