**STATE of Tennessee, Appellee,**

v.

**Jimmy COLE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 14, 1987.

Permission to Appeal Denied by Supreme Court Dec. 28, 1987.

*ler v. State*, 516 S.W.2d 617, 620 (Tenn. 1974).

Charles L. Hicks, Camden, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

This is an appeal of right by Jimmy Cole. Appellant entered a guilty plea to possession of marijuana with the intent to sell. He was sentenced by the Benton County Criminal Court to one year in the county jail as a Range I standard offender. Appellant presents two interrelated issues for review, both of which challenge the trial court's decision denying appellant's petition for a suspended sentence.

In its order denying appellant's petition for suspended sentence, the trial court relied heavily upon the nature and circumstances of the offense and deterrence. The trial court further emphasized that it would not be in the best interest of the public or of the appellant to grant a suspended sentence. Appellant contends that the nature and circumstances of the offense do not justify the denial of a suspended sentence. Appellant refutes deterrence as a sufficient factor to deny a suspended sentence, and submits that he is "an excellent candidate for probation." Appellant further infers that the basis of the trial court's sentencing decision should be rehabilitative and not punitive.

The issue presented requires this Court to conduct a *de novo* review on the record without a presumption of correctness. T.C.A. § 40–35–402(d). The trial court, in determining whether to grant probation, must look to the circumstances and nature of the offense, the defendant's criminal record, his social history and present condition, including his physical and mental conditions. Consideration also should be given to whether the granting of probation is in the best interest of the defendant and the public. T.C.A. § 40–21–104(a)(1); *Stil-*

In the case *sub judice*, extensive evidence was presented, both direct and circumstantial, that appellant was a major drug dealer. Upon raiding appellant's residence, authorities found in excess of 1,100 marijuana plants at various stages of development. It was apparent that appellant had made a substantial investment in drug trafficking. A bedroom had been converted into a growing room where approximately 200 young plants were found. In appellant's bedroom, police found a freezer containing roughly 11 pounds of marijuana already processed and packaged. Scales were found in the same bedroom. In addition, three handguns were discovered by the bed, along with two shotguns under the bed.

Outside, authorities found hundreds of marijuana seeds and plants. Appellant's barn had been modified with heavy insulation and grow lights to accommodate plants. Another outbuilding contained soil, mixing equipment, pots and other materials related to the growing of marijuana.

The proof revealed that appellant resided in the house with his wife and 17–year–old son. It was apparent from the evidence that the teenager was aware of the ongoing clandestine operation. However, appellant claimed the lad was instructed to stay out of those areas dedicated to marijuana growth.

Appellant further claimed that he had never sold any marijuana and had only gotten into growing the plants in 1985 to help defray the cost of an anticipated heart surgery. However, circumstantial evidence was presented to the contrary. Appellant's wife was found to have $1,200 in her purse which appellant claimed was from a recent land deal. Photographs of marijuana plants, delineated as being from years as far back as 1978, were found in appellant's house. Appellant stated that the snapshots were mailed to him by a magazine. The arresting sheriff testified at appellant's sentencing hearing that he had never before seen a drug operation of this dimension.

We share the trial court's concern as to the magnitude of appellant's unlawful operation. We are even more concerned that appellant conducted such illegal activities in his home with exposure to his minor son. In short, the court may take judicial knowledge that trafficking in drugs is one of the major crime problems in our country today.

Furthermore, this Court shares the trial court's concern for both specific and general deterrence involving offenses as represented in the instant case. Specifically, this appellant must be dissuaded from similar future conduct. Unarguably, denial of probation will deter this appellant. Generally, other potential offenders so inclined as this appellant must be made to realize the fullest consequences of their contemplated actions. Hence, incarceration here sets an example for others so inclined. Notwithstanding appellant's stated remorse, the magnitude of his unlawful drug operation, reflective of such a gross disregard for the moral welfare of his juvenile son, is not conduct conducive to probation.

Finally, while appellant's favorable presentence report, positive employment history, social history and need for medical care are duly noted by this Court, we are not of the opinion that it is in the best interest of society that appellant be probated. Inherent in our State's penal system, and reflected in Tennessee's new sentencing statute, are considerations of both rehabilitation and punishment. It is the charge of every court, in sentencing a convicted offender, to impose a proper balance between rehabilitation and punishment given the circumstances unique to that case. We are not in agreement with the appellant's inference that these elements are necessarily mutually exclusive. Here, the trial court expressly sentenced appellant to the county jail and emphasized the court's intent to monitor appellant's health and employment situation.

In essence, the suspension of a sentence is a privilege to which the defendant has the burden of establishing he is entitled. T.C.A. §§ 40–21–104(a)(1), 40–35–303(b); *State v. Gentry*, 656 S.W.2d 53, 55 (Tenn.Crim.App.1983). In this instance, appellant has failed to do so.

The issue, therefore, is without merit. Accordingly, the judgment of the trial court is affirmed.

SCOTT, J., and LLOYD TATUM, Special Judge, concur.