STATE of Tennessee, Appellee,

v.

Terry DAVIS, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

March 16, 1988.

Mike Mosier, Henderson, Shelia Stevenson, Jackson, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, Robert "Gus" Radford, Dist. Atty. Gen., Huntingdon, Creed McGinley, Asst. Dist. Atty. Gen., Savannah, for appellee.

## OPINION

DWYER, Judge.

This cause represents a consolidation of Terry Davis' appeal as a matter of right of his sentence for aggravated assault, and his appeal of the trial court's dismissal of his petition for post conviction relief. Appellant was sentenced to two years confinement as a Range I standard offender, the minimum for his conviction.

The Court is of the belief that appellant should be granted probation. Therefore, our review of appellant's latter issue is pretermitted, inasmuch as his petition for post conviction relief was filed pending his appeal of right.

The record reveals that on July 18, 1986, the appellant and another man engaged in a melee on the parking lot of Alcoa in Hardin County. Appellant was assaulted with a baseball bat during the fracas. Appellant retaliated by drawing a .22 caliber pistol and shooting his aggressor in the shoulder. Both men were indicted.

The bat wielder was convicted of assault and battery and sentenced to 11 months and 29 days. All but 45 days were suspended. In denying appellant's motion for suspended sentence, the trial court cited both deterrence and the court's standing policy not to grant probation where a firearm is used in the commission of an offense.

When reviewing an issue of alleged excessive sentence, this Court conducts a *de novo* review of the record without presuming that the trial court's determinations are correct. T.C.A. § 40–35–402(a). It is well settled that the suspension of a sentence is a privilege to which the defendant has a burden of establishing he is entitled. T.C.A. §§ 40–21–104(a)(1); 40–35–303(b); *State v. Gentry*, 656 S.W.2d 53, 55 (Tenn.Crim. App.1983).

▊ Appellant contends that the trial court's decision to deny probation was presumptive. He implies that the trial court was arbitrary in its application of a policy not to grant probation where a firearm is involved. The State offered no proof at the probation hearing and advanced no challenge to the evidence produced by the appellant.

At his hearing, appellant proved good character. He denied having any prior felony convictions. Evidence was presented that he was of limited education, a family man, had limited funds and is disabled due to a back condition. Appellant further stated that he had been hospitalized approximately six times in the past year, and that due to his health problems, medications and continuing need for medical treatment, incarceration would be very difficult for him.

In determining to grant probation, this Court is particularly impressed with the circumstances and nature of the offense, appellant's lack of any proven criminal record, his social history, present condition and medical disability. Further, the granting of probation, as here, is in the best interest of both society and the appellant. T.C.A. § 40–21–104(a)(1); *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974).

We disagree with the trial court's reliance upon deterrence under the circumstances of this case. No evidence to support this position was presented. Even in a light most favorable to the State, this rationale for denying probation is outweighed by the factors noted above. *State v. Barber*, 595 S.W.2d 809 (Tenn.1980).

▊ We further disagree with the trial court's reliance on its policy of denying probation in all cases where firearms are employed. While this perspective may be generally appropriate, the circumstances before this Court are atypical. In effect, we agree with the appellant that the trial court's sentencing determination was presumptive.

In *State v. Moss*, 727 S.W.2d 229 (Tenn. 1986), our Supreme Court considered the issue of presumptive sentencing and held that:

> ... the sentencing reform act intends that sentences should be considered on a case by case basis and that the sentencing court should exercise guided discretion within the terms of the act. Nothing we have found in the act indicates

that any presumptive sentencing should be adopted at all.

In short, we find the policy relied upon by the trial court in denying probation to be arbitrary, inappropriate under the circumstances and contrary to the express purpose of the legislature. In other words, if the law permits probation in an offense of this kind, it cannot be breached by a policy established by the trial court.

Accordingly, we modify the judgment of the trial court and suspend all but 45 days of appellant's sentence pursuant T.C.A. § 40–35–402(c), subject to conditions that the trial court may impose. The judgment, as modified, is affirmed.

DUNCAN, P.J., concurs.

MARK A. WALKER, Special Judge, did not participate in this opinion.