IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 16, 2001

## STATE OF TENNESSEE v. MARCIA LYNN WILLIAMS

**Appeal as of Right from the Circuit Court for Marshall County**
**No. 14283     Charles Lee, Judge**

—————

**No. M2000-02593-CCA-R3-CD - Filed August 28, 2001**

—————

The appellant, Marcia Lynn Williams, entered a best interest guilty plea in the Circuit Court of Marshall County to one count of obtaining drugs by false pretense, a class D felony. Following a sentencing hearing, the trial court imposed a sentence of three years incarceration in the Tennessee Department of Correction. On appeal, the appellant argues that the trial court erred by denying the appellant a sentence in the community corrections program. After a review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Andrew Jackson Dearing, III, Shelbyville, Tennessee, for the appellant, Marcia Lynn Williams.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; W. Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

On April 19, 2000, Parson's Pharmacy in Lewisburg received a telephone call, allegedly from a Dr. Delaplane's office, requesting a prescription for hydrocodone for the appellant. Immediately suspicious, the owner of the pharmacy called the doctor's office to verify the prescription. After confirming that neither Dr. Delaplane nor anyone from the doctor's office had requested the prescription, the owner of the pharmacy called the Lewisburg Police Department to report the problem. Police Detective Jimmy Whitsett advised the pharmacy to notify him if anyone came in to obtain the medication. When the appellant arrived at the pharmacy around noon and requested the medication, the detective was called to the scene where he immediately placed the appellant under arrest.

The appellant entered a best interest guilty plea to obtaining drugs by false pretense and further agreed that the trial court determine the appropriate sentence. The trial court sentenced the appellant as a standard Range I offender to three years incarceration in the Tennessee Department of Correction, whereupon the appellant requested placement in the community corrections program. Judy Byrd, who prepared the appellant's pre-sentence report, testified at the sentencing hearing that the appellant had received some type of alternative sentencing on six different occasions and, on at least one occasion, the appellant's probation had been revoked.[1] The appellant testified that, at the time of the sentencing hearing, she was forty-three years old and the sole supporter of her four-year-old daughter. She was employed as the housekeeping supervisor at the Marriott Hotel in Franklin. After graduating from high school, the appellant attended Tennessee State University (TSU) for approximately three years. At TSU, she majored in clinical psychology and was on the Dean's list. However, in 1977, the appellant was raped on the TSU campus and shortly thereafter dropped out of school. The appellant described 1997 as a "very traumatic time" during which she made poor choices. She further related that, in 1997, she became involved in an abusive relationship and passed the worthless checks out of desperation to provide for her child. In 1998, the appellant was hospitalized at Vanderbilt Psychiatric Hospital where she was diagnosed as manic depressive with bipolar disorder and was placed on medication which included Haldol, Depakote, Prozac, and Xanax. At the time of the instant offense, she was not taking her medication. The appellant explained that she also had physical problems. She was diagnosed with a degenerative disk problem and began taking Lortab for pain, resulting in an addiction to pain medication. She also admitted using cocaine but reported that her last use was in 1999. The appellant stated that she receives psychiatric treatment at a local mental health center. She contended that she has "special needs" which are treatable; therefore, the trial judge should have sentenced her to the community corrections program.

After hearing the testimony, the trial judge correctly concluded that the appellant was presumed to be a favorable candidate for alternative sentencing; however, the court concluded that

---

[1] Specifically, the pre-sentence report showed that the appellant was first convicted in California in 1987 on charges of obtaining aid by fraud. She was incarcerated for a short time and then was released on parole. In January 1995, the appellant was convicted of passing worthless checks in Marshall County, Tennessee, and received a sentence of eleven months and twenty-nine days with the sentence suspended upon payment of a fine and public service. In May 1997, the appellant was convicted of two counts of passing worthless checks in Marshall County and received a sentence of eleven months and twenty-nine days on each count, to be served at seventy-five percent (75%), with the sentences suspended upon payment of the checks and fifty dollar ($50) fines. In August 1997, the appellant was convicted of credit card fraud and received a sentence of eleven months and twenty-nine days, with the sentence suspended and six months probation. In January 1998, the appellant was again convicted of two counts of passing worthless checks and received sentences of eleven months and twenty-nine days to be served at seventy-five percent (75%), with the sentences suspended upon payment of the checks and fifty dollar ($50) fines. In July 1998, the appellant's probation was revoked for failure to report to her probation officer and for failure to pay restitution and costs. Also in July 1998, the appellant was convicted of passing worthless checks and received a sentence of eleven months and twenty-nine days to be served at seventy-five percent (75%), with the sentence suspended upon payment of restitution and costs. On July 13, 1998, the appellant was convicted of driving on a revoked license and, again, on July 14, 1998, and July 28, 1998, was convicted of passing worthless checks. Finally, the appellant was convicted of theft on July 28, 1998. At the time of the theft conviction, the appellant was on probation.

the State had successfully provided evidence to the contrary. The trial court noted that the appellant had not been truthful with the court. When questioned by the court regarding her failure to make the court ordered payments to reimburse the State for the costs of her attorney, the appellant implied that she had given the money to a friend who had failed to take it to the clerk. Upon further questioning by the court, the appellant said that she was without funds and had asked the friend to make the payments for her. The trial court, sua sponte, called the friend, Josephine Reinhardt, to testify regarding the allegations. Reinhardt advised the court that the appellant first called her on the morning of the sentencing hearing and asked that Reinhardt make the payments for her. Reinhardt explained that she had advised the appellant that she would be unable to help her.

The trial court further noted that the appellant had been placed on some type of alternative sentencing numerous times and these efforts had proven to be unsuccessful. Additionally, the appellant had committed an offense while on probation and her probation had been revoked on one occasion. The trial court concluded that the appellant had "an atrocious, horrible record." He related that "the common thread that runs throughout all of these offenses is untruthfulness and fraud."

After reviewing the appellant's request without the presumption in favor of alternative sentencing, the trial judge described the appellant's work history as "sporadic." He also determined that granting the appellant some type of alternative sentence would not act as a deterrent to others likely to commit similar offenses. In support of this contention, the court considered that the appellant had been charged with a felony and that the community was aware that she had at least six other convictions.

## II. Analysis

When a criminal appellant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption, however, is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). Because the trial court incorrectly used deterrence as a basis to deny the appellant a sentence of community corrections, our review of the appellant's sentence is de novo without a presumption of correctness.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence, and then determines the specific sentence and the propriety of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the pre-sentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the appellant wishes to make in the appellant's behalf about sentencing,

and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-103(5) (1997), -210 (a) (2000 Supp.); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c) (1997). The record should also include any enhancement or mitigating factors applied by the trial court. Tenn. Code Ann. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

The presumptive sentence to be imposed by the trial court for a Class B, C, D, or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement and mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. at (e). Notably, the weight to be given each factor is left to the discretion of the trial judge. Shelton, 854 S.W.2d at 123. However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986). Nonetheless, if our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Additionally, we note that the appellant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

On appeal, the appellant argues that she should have been granted alternative sentencing. Tenn. Code Ann. § 40-35-102(5) (1997) provides:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration. . . .

A defendant who does not fall within this class of offenders "and who is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). In other words, unless sufficient evidence rebuts the presumption, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing, and that a sentence other than incarceration would result in successful rehabilitation." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993) (citation omitted); see also Tenn. Code Ann. § 40-35-303(a) (1997).

-4-

The appellant contends that, because of her history of drug use, she has "special needs" and thus falls within the provisions of Tenn. Code Ann. § 40-36-106(c) (2000 Supp.), which states that

> [f]elony offenders not otherwise eligible under subsection (a),[2] and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

While we agree with the appellant that, because she is a standard Range I offender convicted of a class D felony, she is eligible for a community corrections sentence due to the nonviolent nature of her offenses, see Tenn. Code Ann. § 40-36-106(a); see also State v. Jimmy A. Salyer, No. 03C01-9803-CR-00093, 1999 WL 812484, at *12 (Tenn. Crim. App. at Knoxville, October 8, 1999), we note that the appellant is eligible under subsection (a), but note that an offender is not automatically entitled to such relief if he or she meets the requirements for eligibility. See State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998); State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the statute provides that the criteria shall be interpreted as minimum standards to guide a trial court's determination of whether that offender is eligible to be considered for community corrections. Tenn. Code Ann. § 40-36-106(d). Even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tenn. Code Ann. § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

---

[2] Tenn. Code Ann. § 40-36-106(a) provides:

> An offender who meets all of the following minimum criteria shall be considered eligible for punishment in the community under the provisions of this chapter:
> (1) Persons who, without this option, would be incarcerated in a correctional institution;
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person. . . ;
> (3) Persons who are convicted of nonviolent felony offenses;
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-35-103(1)(A)-(C).

Moreover, this court has previously found that, in determining an appellant's entitlement to a community corrections sentence,

> the appellant's rehabilitative potential is central in the selection process. Each case must be guided by its individual facts and circumstances. Additionally, given their ability to review the offender's demeanor and characteristics first hand, trial courts are in the best position to ascertain an offender's amenability to a community corrections program. Acknowledging the wide discretion available to trial courts, this court will not disturb a trial court's decision absent a clear abuse of that discretion.

State v. Grigsby, 957 S.W.2d 541, 547 (Tenn. Crim. App. 1997).

The trial court specifically denied the appellant a sentence of community corrections because the appellant has been granted probation numerous times in the past and has failed to rehabilitate. The trial court also considered the deterrent effect of the appellant's incarceration on those similarly situated in the community. See Tenn. Code Ann. § 40-35-103(1)(B). We must conclude, however, that the trial court erred in denying the appellant community corrections on the basis of the deterrent effect of her incarceration. In State v. Hooper, 29 S.W.3d 1, 10-12 (Tenn. 2000), our supreme court established guidelines for determining when deterrence is a proper factor for denying a form of alternative sentencing. Such guidelines are necessary because "'[a]n element of deterrence is present in every case but the degree of significance of this factor in restraining the offender or curbing the propensity for criminal activity in others, varies widely with the class of offense and the facts of each case.'" Ashby, 823 S.W.2d at 170 (citing State v. Michael, 629 S.W.2d 13, 14 (Tenn. 1982)). The trial court found that

> [if the appellant] walks out of this court after having been in Circuit Court charged with a felony and has five or six other crimes that the general community knows that she has been convicted of, what deterrent is there to those persons who think, "Well, gosh, you get to go up to that courthouse and keep going up to that courthouse and you always get to go home."

However, there is nothing in the record to indicate that others in the general community know of the appellant's criminal history or to suggest that the appellant's incarceration would "serve as a deterrent to others similarly situated and likely to commit similar crimes," nor do we find the presence of any other fact suggesting the deterrent effect of the appellant's incarceration. Hooper, 29 S.W.3d at 10.

Regardless, the record amply supports the trial court's denial of a community corrections sentence due to the appellant's lack of rehabilitative potential, which is evidenced by the fact that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C). The appellant's record reflects that she has received alternative sentencing numerous times in the past, has had her probation

revoked on at least one occasion for failure to comply with the terms of her probation, and has failed to rehabilitate. See Grigsby, 957 S.W.2d at 547; State v. Thomas L. Matthews, No. 02C01-9704-CR-00158, 1998 WL 148317, at *2 (Tenn. Crim. App. at Jackson, March 31, 1998); State v. John Miller, Jr., No. 03C01-9512-CC-00382, 1997 WL 106677, at *6 (Tenn. Crim. App. at Knoxville, March 11, 1997). In sum,

> measures less restrictive than confinement have recently been applied unsuccessfully to the [appellant]. This, in conjunction with the [appellant's] previous history of criminal convictions and criminal behavior, indicates that the [appellant's] potential for rehabilitation is poor. Given these circumstances, denial of alternative sentencing seems appropriate.

State v. Larry D. Johnson, No. 02C01-9807-CC-00218, 1999 WL 412700, at *3 (Tenn. Crim. App. at Jackson, June 18, 1999) (citations omitted).

### III. Conclusion

Finding no reversible error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE