Doyle FRAZIER and Clayton Hartsell, Appellants,

v.

STATE of Tennessee, Appellees.

Court of Criminal Appeals of Tennessee.

July 12, 1977.

Certiorari Denied by Supreme Court Oct. 11, 1977.

Fletcher L. Ervin, Newport, for appellants.

Brooks McLemore, Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Alfred C. Schmutzer, Jr., Dist. Atty. Gen., Sevierville, William M. Leibrock, Asst. Dist. Atty. Gen., Newport, for appellees.

## OPINION

TATUM, Judge.

The defendants appeal from the action of the Trial Court in refusing them probation. They were sentenced to not less than three years nor more than three years in the State Penitentiary after pleading guilty to second-degree burglary. A jury was waived.

The defendants were convicted on 12 October 1976, at which time the Trial Judge ordered a probation report. The probation report was not filed within ten days as required by T.C.A. § 40–2904. The Trial Judge delayed a hearing until 4 December 1976, but still having received no probation report, he granted the defendants a hearing on that date as required by *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974).

The defendants pled guilty to breaking and entering a dwelling house during the day, and stealing a projector and heater. These articles were found in their automobile immediately after the burglary. There were also numerous witnesses to the burglary.

The defendant, Hartsell, testified that he was intoxicated when he committed this crime. He testified that he had not been previously convicted of any offense, but he failed to answer when his attorney asked whether he had been in previous "trouble with the law." He said that he committed the offense because of "too much drinking."

Hartsell's mother testified that he had been in previous trouble for "just minor things, like drinking and something like that." She testified that she would not say that Hartsell was an alcoholic, although other people might think so.

Mr. J. C. Hicks testified that he would give Hartsell a job at his truck stop if Hartsell was probated. Beer is sold at the truck stop.

The defendant, Frazier, had previously been given a suspended sentence of eleven months and twenty-nine days for criminal trespass for buying two motorcycles which were stolen. He was still on probation for criminal trespass when he committed the burglary. He testified that he was intoxicated when he committed the burglary. Frazier also had previous convictions for public drunkenness.

A letter from Brockwell Construction Company, offering him employment as a truck driver in their sanitation department, was admitted into evidence.

The State offered no evidence and did not participate in the hearing.

The controlling principles of law governing this case are set out in *Stiller v. State*, 516 S.W.2d 617, 619–620 (Tenn.1974):

"The defendant in this case stands convicted of a felony. His presumption of innocence has been replaced by the establishment of guilt. He faces punishment. He seeks preferment. He petitions for a privilege. He asks for an act of grace. He has no demandable right to relief. He has no right to insist on terms or to strike a bargain. *Hooper v. State*, 201 Tenn. 156, 297 S.W.2d 78 (1956).

He has the right to petition the court for probation, the right to a full and fair evidentiary hearing and the right to all the procedural requirements contained in or necessarily contemplated by the statutory scheme.

Since probation is a privilege to be conferred after a determination of the circumstances of the offense, the defendant's criminal record, his social history, his present condition and, where appropriate, his physical and mental condition,

we hold that the decision of the trial judge denying probation is binding and is not subject to appellate review, at his instance, so long as the rights above outlined are fully accorded, and the action of the trial judge is not capricious, arbitrary or palpably abusive of his discretion."

\* \* \* \* \* \*

"However, this concept contemplates that probation be restricted to those who are worthy of this largesse of the law."

\* \* \* \* \* \*

"If the action of the Court is out of harmony with the tone and tenor of our probation laws to such an extent that the court's action may be branded as arbitrary or capricious or as palpably abusive of its discretion, the State may pursue appellate review."

Once a defendant has been convicted of a criminal offense, the burden of proof is upon him to show that he is entitled to the preferment, privilege and the grace of a probated sentence. In *Hooper v. State*, 201 Tenn. 156, 297 S.W.2d 78 (1956), it was held that probation is a matter of favor and that "there is no requirement that it must be granted on a specific showing." Of course, the Trial Judge should not grant probation unless a defendant shows that he is a proper subject for rehabilitation.

The Trial Judge, after granting the hearing, stated that he had considered all of the elements required in *Stiller v. State, supra.* He held that the defendants had not shown that they were proper subjects for rehabilitation and that for this reason, he would require that they serve the sentences imposed. We must affirm the Trial Judge unless we find that he abused his discretion.

No effort was made by either defendant to show that they were persons of good moral character who temporarily went astray when they committed this crime.

There was nothing upon which the Trial Judge could predicate a finding that there was a reasonable probability that either of these defendants could rehabilitate themselves and live future lives of good citizenship. One of the defendants was on probation when this crime was committed. Both had histories of excessive drinking habits and they attributed this crime to excessive drinking. There was no evidence other than their own statement that they would or could control their drinking in the future. Even their statements were made in response to leading questions and were not convincing. There was no hint by either defendant that they had repented or regretted having committed the burglary.

The vital considerations for the Trial Judge in considering the question of granting probation are whether the granting of parole will benefit the defendant and the public, whether the defendant is willing and able to rehabilitate himself and whether there is a reasonable probability that the defendant will henceforth practice good citizenship. There is nothing in the record upon which the Trial Judge could have predicated a finding favorable to the defendants on these propositions. There is no showing that either defendant is worthy of "this largesse of the law."

The Trial Judge did not abuse his discretion and we must therefore overrule the assignments of error and affirm the Trial Court.

WALKER, P. J., and DWYER, J., concur.