STATE of Tennessee, Appellee,

v.

Floyd V. JONES, Appellant.

Court of Criminal Appeals of Tennessee.

Jan. 8, 1981.

Permission to Appeal Denied by Supreme Court April 13, 1981.

Robert S. Devane, Johnson City, for appellant.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Lynn Brown, Asst. Dist. Atty. Gen., Johnson City, for appellee.

## OPINION

DWYER, Judge.

The appellant pled guilty in the Washington County Criminal Court to committing the offense of obtaining money by false pretenses with confinement of one to three years. His petition for probation was denied by the trial court on May 30, 1980, after a full hearing in which he was accorded all of his statutory rights. *Stiller v. State*, 516 S.W.2d 617, 620 (Tenn.1974). The denial was predicated upon (1) the social history of appellant, (2) his prior record, and (3) deterrence. Through the appellate process, he takes issue alleging an abuse of discretion by the trial court.

The denial of probation on review is considered under settled rules of law to be a matter within the sole discretion of the trial court and such judgment is not subject to appellate review when all statutory rights have been accorded and the denial is not an arbitrary or capricious abuse of discretion. T.C.A. § 40-2904; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn.1978). We also point out that the appellant is before the court with no demandable right to relief. *Hooper v. State*, 201 Tenn. 156, 161, 297 S.W.2d 78 (1956).

The burden of proof is upon the appellant to show that he is entitled to the privilege and grace of a probated sentence. *Frazier v. State*, 556 S.W.2d 239, 241 (Tenn. Cr.App.1977). To set aside the judgment of denial, we must find that the record is devoid of any substantial evidence to support it. *State v. Grear, supra.*

We are understating the case when we say that the probation report submitted on the appellant was far from being favorable. That report, which is a factor to be considered, listed numerous bad check charges that had been placed against appellant and dismissed when restitution was made, a prior conviction for violating the bad check law and many civil judgments against him. The probation officer related the appellant was very evasive about his past employment record. Replies concerning his employment history were summarized in the report as follows:

> "Without exception, every person contacted as representatives of the above cemeteries gave the same statement about Mr. Jones. He was described as an extremely intelligent man who, if he channeled his energies in the right direction, would be a millionaire. Yet, Mr. Jones was accused of being a crook, a conartist, a man with no scruples, and the most dishonest person any of them had come in contact with. Several persons said Mr. Jones could sell you the most worthless piece of merchandise and you would think you had just bought a gold mine."

Parts of a letter contained therein from a former employer of appellant in Georgia stated:

> "I would like to congratulate the authorities and all people in Washington County that are involved in the conviction of Floyd V. Jones. We Georgians hail you for a victory denied us and pray that probation will be denied."

It is beyond cavil to say in this state of affairs that there was no substantial evidence in this record to support the denial. *State v. Grear, supra.* While not controlling, it is noteworthy that the appellant's request for a slight postponement in serving his sentence was also denied prompting the trial court to say:

> "I don't believe he'd show up. . . . I believe that—he's a professional when it comes to hoodwinking people and I'm not gonna be the next one on his list."

It can be easily gleaned from the above that the trial court had been convinced from the evidence adduced at the probation hearing that society would not have benefitted by the court's suspending appellant's sentence. *Frazier v. State, supra.* Having been accorded his statutory rights and with the record indicating no abuse of discretion by the trial court, this issue is overruled.

As his last issue, appellant argues that the trial court erred in revoking his bond subsequent to the probation hearing without the presence of appellant's counsel. It is, however, clear that two days later, with counsel present, the bond was reinstated. Be that as it may, there is no evidence in the record to indicate the appellant was confined without his attorney present. *Dandridge v. State*, 552 S.W.2d 791, 792 (Tenn.Cr.App.1977). Assuming *arguendo* that counsel was not present when bond was revoked, the appellant has not demonstrated how he was prejudiced in regards to the denial of his probation. Tennessee Rules of Appellate Procedure 36(a). This issue is accordingly dismissed.

The judgment is affirmed.

TATUM and CORNELIUS, JJ., concur.