**STATE of Tennessee, Appellee,**

v.

**Barbara ADAMS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 28, 1983.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, Marsha L.K. Selecman, Asst. Dist. Atty. Gen., Crossville, for appellee.

Steven C. Douglas, Crossville, for appellant.

## OPINION

WALKER, Presiding Judge.

The question presented by the appellant, Barbara Adams, is whether or not the trial judge abused his discretion by denying probation to her.

The appellant was indicted by the Cumberland County grand jury in three cases for the larceny of a boat motor, a Rototiller and a motorcycle. On her plea of guilty to grand larceny on July 16, 1981, she was sentenced to three years in jail; on pleas of guilty to petit larceny in two cases, she was sentenced to one to three years in jail in each case. The sentences are concurrent.

On October 5 and November 10, 1981, the trial judge held a hearing on the matter of probation. In denying probation the trial judge considered the testimony of all of the witnesses, the probation report and the entire record. He concluded that the appellant was not a fit or suitable candidate for

probation, and that he believed that on September 15, 1981, while this application was pending, the appellant had passed a forged paper.

The testimony at the hearing was in conflict. The officer who investigated these larceny offenses testified that Ms. Adams had cooperated by supplying information about other crimes and by testifying against her codefendants. Essentially, he thought that Ms. Adams was a good candidate for probation as did the officer making the probation report.

The appellant, age 22, testified that she was presently living in Big Lake, Texas, where she worked at a Dairy Queen Restaurant. She lives with her two brothers there. With regard to these larceny convictions, she admitted the wrongfulness of her acts, attributing them to the influence of the wrong people. She denied, however, any involvement in a recently dismissed charge in general sessions court on a matter currently bound over to the grand jury.

The appellant stated that she quit her job at a bar in order to improve her position at this hearing. She said that she could obey the law and live according to society's standards if placed on probation. If the sentence were suspended, she would return to Texas where her job was waiting for her.

On cross-examination the appellant admitted to previous offenses, including possession of marijuana and public drunkenness. She admitted that she had been charged with passing a forged paper but denied that she had done so.

In her testimony Ms. Jimmie Hite positively identified the appellant as the one who passed a forged check to her on September 15, 1981.

The trial judge considered the factors enumerated in *Stiller v. State,* 516 S.W.2d 617 (Tenn.1974). Although the appellant had not been tried for the forgery charge the trial judge could properly consider it as part of her social history. In revoking probation we have held that a trial judge is not bound by an acquittal when it appears that the appellant has been guilty of conduct inconsistent with good citizenship. *State v. Delp,* 614 S.W.2d 395 (Tenn.Cr.App.1980). See *Stamps v. State,* 614 S.W.2d 71 (Tenn.Cr.App.1980).

 The burden of proof is on the appellant to show that she is entitled to the privilege and grace of a probated sentence. To set aside the judgment of denial, we must find that the record is devoid of any substantial evidence to support it. *State v. Jones,* 615 S.W.2d 159, 160 (Tenn.Cr.App. 1981). This we cannot do.

The judgment is affirmed.

TATUM and SCOTT, JJ., concur.