STATE of Tennessee, Appellee,

v.

Lillian Michelle HUFF, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

July 25, 1988.

Rehearing Denied Aug. 23, 1988.

Permission to Appeal Denied by Supreme Court Nov. 7, 1988.

Herbert S. Moncier, Ann C. Short, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., Mik G. Nassios, Asst. Dist. Atty. Gen., Knoxville, for appellee.

OPINION

JONES, Judge.

The defendant, Lillian Michelle Huff, entered pleas of guilty to four (4) counts of obtaining goods and merchandise exceeding $100.00 in value by means of a worthless check and one (1) count of obtaining goods and merchandise not exceeding $100.00 in value by means of a worthless check. Pursuant to the terms of a plea bargain agreement, the trial court sentenced the defendant as follows:

(a) A term of four (4) years in the Department of Correction for obtaining goods and merchandise exceeding $100.00 in value by means of a worthless check as alleged in Indictment No. 28744;

(b) A term of three (3) years in the Department of Correction for obtaining goods and merchandise exceeding $100.00 in value by means of a worthless check as alleged in the first and third counts of Indictment No. 28745 and Indictment No. 30764; and

(c) A term of eleven months and twenty-nine days in the Knox County Jail for obtaining goods and merchandise not exceeding $100.00 in value by means of a worthless check.

The trial court ordered the sentence in Indictment No. 28744 to be served consecutively to the sentence imposed for the offense alleged in the first count of Indictment No. 28745. The remaining sentences were ordered to be served concurrently.

In summary, the defendant received an effective sentence of seven (7) years.

The trial court conducted a lengthy sentencing hearing on the issue of whether the defendant's sentences should be suspended and the defendant returned to society on probation. At the conclusion of the hearing, the trial court refused to suspend the defendant's sentences. In addition, the trial court revoked the defendant's bail and ordered that the defendant be transported to the Department of Correction to serve her sentences.

The defendant filed a motion in this Court pursuant to Rule 8, Tenn.R.App.P., seeking review of the trial court's order revoking her bail and refusing to release her on bail pending appeal. This Court denied the motion.

The defendant timely filed a motion for modification of sentence pursuant to Rule 35, Tenn.R.Crim.P. The motion asked the trial court to consider sentencing the defendant pursuant to the Community Corrections Act of 1985, place her under the supervision of the Knox County Community Alternative to Prison Program, and require that she submit to the intensive supervision program of the Department of Correction with appropriate guidelines and requirements. The trial court denied the motion without an evidentiary hearing notwithstanding a multitude of letters from employees of the Department of Correction and others that the defendant had been an excellent prisoner while confined in the Women's Penitentiary. Thereafter, the defendant filed a request for reconsideration of the motion. The trial court denied this motion as well without the benefit of an evidentiary hearing.

## ISSUES PRESENTED FOR REVIEW

The defendant has appealed as of right to this Court pursuant to Rule 3(b), Tenn.R.App.P., and T.C.A. § 40–35–402. She presents two issues for our review. First, the defendant contends the trial court erred in refusing to suspend her sentences and grant her probation. Second, the defendant contends the trial court erred in refusing to sentence her pursuant to the terms of the Tennessee Community Corrections Act of 1985, T.C.A. §§ 40–36–101, et seq., as requested in her motion for modification of sentence.

## RULES GOVERNING DE NOVO REVIEW OF SENTENCES

■ When a defendant challenges the length, range, or the manner of service of a sentence, it is the duty of this Court to conduct a *de novo* review of the sentence without a presumption that the determinations made by the trial court are correct. T.C.A. § 40–35–402(d) (Supp.1987). *See State v. Moss*, 727 S.W.2d 229 (Tenn.1986); *State v. Scott*, 735 S.W.2d 825, 829 (Tenn. Crim.App.1987); *State v. Smith*, 735 S.W. 2d 859, 863 (Tenn.Crim.App.1987); *State v. Hammons*, 737 S.W.2d 549, 553 (Tenn. Crim.App.1987); *State v. Rhoden*, 739 S.W. 2d 6, 16 (Tenn.Crim.App.1987). This duty extends to sentencing issues concerning probation, *see State v. Smith*, supra, and the Community Corrections Act of 1985. *State v. Taylor*, 744 S.W.2d 919 (Tenn. Crim.App.1987). As this Court said in *Taylor:* "...[T]his Court must review issues concerning the Community Corrections Act *de novo* pursuant to T.C.A. § 40–35–402(d) (Supp.1987)." 744 S.W.2d at 920. *See also State v. Loretta James [Mendez]*, Sullivan County No. 798, January 1988 Session at Knoxville, opinion filed February 25, 1988 [available on WESTLAW, 1988 WL 15684].

■ In conducting a *de novo* review of sentences, this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing principles, (e) the nature and characteristics of the offense, (f) any mitigating and/or enhancing factors, (g) any statements made by the defendant in her own behalf, and (h) the defendant's potential or lack of potential for rehabilitation or treatment. T.C.A. §§ 40–35–103 and 210. *See State v. Moss*, supra; *State v. Smith*, supra.

■ When the defendant raises an issue concerning the suspension of a sentence and probation, this Court must also consid-

**636**

er the circumstances of the offense, the defendant's criminal record, social history, present physical and mental condition, and the deterrent effect upon other criminal activity. T.C.A. § 40-21-104(a)(1). *See Stiller v. State*, 516 S.W.2d 617 (Tenn. 1974). Most, if not all, of these factors are to be considered in our *de novo* review of the sentences.

When the defendant raises an issue concerning sentencing pursuant to the Tennessee Community Corrections Act of 1985, T.C.A. § 40-36-101, et seq., this Court must also consider the criteria set forth in the Act. *State v. Taylor*, supra.

## DE NOVO REVIEW OF PROBATION ISSUE

The defendant is twenty-five (25) years of age and has completed one year of college. The defendant was employed and she thoroughly enjoyed her employment. It appears the defendant's employer is aware of her present plight, and the employer is willing to rehire the defendant when she is released from custody.

The defendant married Avery Huff and two children were born of this union. One child is afflicted with cerebral palsy and requires constant treatment at the Shriner's Hospital in Lexington, Kentucky. The defendant and her husband were separated prior to the sentencing hearing.

The defendant appears to have lived an exemplary life prior to her marriage. However, after the defendant's marriage, her husband introduced her to cocaine. As can be imagined, the defendant became addicted to the drug. She wrote a series of bad checks to obtain money to purchase food for the family as well as the cocaine necessary to support the drug addictions of her husband as well as herself.

When the defendant realized the extent of her drug addiction, she separated from her husband and voluntarily committed herself to an institution for treatment. The defendant overcame her drug addiction before the sentencing hearing. In addition, the defendant made complete restitution for all of the bad checks that she had written. The restitution included several checks for which she had not been indicted. The defendant sagely advised the trial court that she was receiving counseling from her pastor, and she was in continuous need of additional counseling to assist her in overcoming her addiction and continuing to remain drug free.

The defendant's husband committed a series of robberies after his separation from the defendant. Huff was sentenced to serve thirty-five (35) years in the Department of Correction. He was taken into custody on the 19th day of April, 1988, to serve his sentences.

■ Probation is privilege or act of grace which may be granted to a defendant who is eligible and worthy of this largesse of the law. *Stiller v. State*, supra. However, the defendant has no demandable right to probation or the right to "insist on terms or strike a bargain." *Hooper v. State*, 201 Tenn. 156, 161, 297 S.W.2d 78, 81 (1956). To the contrary, the defendant has the burden of showing that he or she is entitled to the privilege and grace of probation. T.C.A. § 40-21-104(a)(1). *See Frazier v. State*, 556 S.W.2d 239, 241 (Tenn. Crim.App.1977). The defendant must establish that probation will "subserve the ends of justice and the best interests of both the public and the defendant." *Hooper v. State*, supra, 201 Tenn. at 162, 297 S.W.2d at 81.

■ Our *de novo* review of this issue leads us to the conclusion that the trial court properly denied probation. We are of the opinion the defendant has failed to establish that she was entitled to the privilege and grace of probation; and, further, that the suspension of her sentence and her release into the community would not subserve the best interests of the public.

The number of worthless checks written by the defendant for the admitted purpose of purchasing drugs to satisfy her addiction as well as the addiction of her husband reached astronomical proportions. Worthless checks were written in Knox, Jefferson and Hamblen Counties before the defendant sought treatment for her drug dependency. While most of these worthless

checks did not result in conviction, this Court may consider the volume of the worthless checks written as part of the defendant's social history. *State v. Adams,* 650 S.W.2d 382, 383 (Tenn.Crim. App.1983).

The denial of probation in the case *sub judice* was justified for several reasons. First, probation should have been denied due to the nature and circumstances of the offense. The enormity of the checks written are sufficient to satisfy the criteria in *State v. Travis,* 622 S.W.2d 529, 534 (Tenn. 1981). The enormity of the offense is especially horrifying, shocking, reprehensible, offensive, and otherwise of an excessive or exaggerated degree. *See State v. Gentry,* 656 S.W.2d 53, 55 (Tenn.Crim.App.1983). Second, probation should have been denied based upon the social history of the defendant. The defendant apparently was addicted to cocaine for an extended period of time, the offenses were committed in part to satisfy her addiction as well as the addiction of her husband to drugs, and there were many offenses which were committed but did not result in criminal prosecutions or convictions. Third, probation should have been denied upon the grounds of deterrence. The defendant admits her criminal conduct occurred for the purpose of obtaining drugs. It is common knowledge that our Great Nation suffers from an enormous drug problem; and, before this problem can be cured, individuals who violate the criminal laws of this Nation and State to obtain money to purchase drugs must be deterred for their own benefit as well as the benefit of others similarly situated.

This issue is without merit.

## COMMUNITY CORRECTIONS ISSUE

■ The defendant's criminal conduct in the case *sub judice* is directly related to the defendant's addiction as well as the addiction of her husband to cocaine. While the defendant's addiction to cocaine cannot be excused, it appears that she was introduced to the substance by her husband. The husband apparently did not support the family, and the defendant wrote the worthless checks to support the entire family as well as the drug addictions of her husband and herself. When the defendant voluntarily entered an institution for treatment of her drug addiction, and, subsequently, separated from her husband, the defendant's husband committed several armed robberies for the apparent purpose of obtaining funds to satisfy his cocaine addiction.

The defendant has been confined in the Department of Corrections since September 8, 1987. Her institutional record is immaculate and employees of the Department have written letters in support of her release. The defendant has been described as a "model inmate" who abides by all of the rules and regulations, and she has never presented any disciplinary problem while incarcerated. The defendant has also been described as a "hard worker" who volunteers for extra duties. According to those who have supervised her, she is able to perform her assigned tasks with minimum supervision.

The record also reflects that the defendant made restitution for all of the bad checks that she wrote, not just those checks for which she was charged and/or convicted in Knox County. The amount of restitution approximated $4,500.00. In addition, the defendant terminated all bank accounts; and she destroyed the checks in her possession.

When the defendant was sentenced, she was drug free. However, she acknowledged the need for additional counseling and assistance to help and assist her with her drug addiction. The defendant was also employed; and the record reflects she may return to her place of employment upon release from incarceration.

The defendant has two small children who need her. One of these children is afflicted with cerebral palsy. Surgery was scheduled for the child following the sentencing hearing. In any event the child needs continuous treatment; and this requires trips to the Shrine Hospital in Lexington, Kentucky.

The question of whether the defendant should be required to serve her sentences

in the Department of Correction has been a perplexing issue, which has caused this Court considerable consternation. However, we are of the opinion that the defendant should have been sentenced pursuant to the Tennessee Community Corrections Act of 1985. T.C.A. §§ 40–36–101, et seq. The defendant qualifies for sentencing pursuant to the Act, T.C.A. § 40–36–106; and such a sentence in this case fits squarely within the stated purpose of the Act. T.C.A. § 40–36–103.

The Tennessee General Assembly created the Community Corrections Act during the 1985 Extraordinary Session, which was called to address overcrowding in our prisons. *See* Tenn. Acts (1985 1st ES) Ch. 5, § 1. Of course, overcrowding continues to plague our penal institutions. As this Court noted in *State v. Smith:*

> It is common knowledge the penal institutions of this State are filled to capacity with inmates who have committed more serious offenses than the defendant. And, as a result of the mandate issued by the United States District Court for the Middle District of Tennessee regarding the population of our penal institutions, there are literally hundreds, perhaps thousands, of convicted felons confined in local jails awaiting transportation to a Department of Correction facility when space permits.

735 S.W.2d at 865.

Requiring the defendant to serve her sentence in the Department of Correction would further complicate the overcrowding problem in our prisons while our Governor, Legislature, and Department of Correction continue to search for a solution to the problem. *See State v. Smith,* supra at 865. In other words, sentencing the defendant pursuant to the Tennessee Community Correction Act will reduce the number of nonviolent felony offenders confined to the Department of Correction, the stated purpose and one of the goals of the act. *See* T.C.A. §§ 40–36–103(1) and 40–36–104(4).

The defendant has demonstrated special need. T.C.A. § 40–36–104(5). She needs to remain in the community so that she can provide the care and stability only a mother can give her children. Furthermore, she needs to be able to work to support her children as well as receive counseling for herself. This will also make her a contributing member of the community. And she will be in a position to assure that the child suffering from cerebral palsy will receive proper treatment and care for her condition.

The defendant's cocaine addiction can best be treated in the community rather than in a correctional institution. As hereinabove noted, the defendant was drug free before the sentencing hearing; and she continues to be drug free while confined to the Department of Correction. Her separation from and the confinement of her husband should assist the defendant in overcoming her prior cocaine addiction.

Sentencing the defendant pursuant to the Community Corrections Act comports with the purposes as well as the sentencing considerations of the Tennessee Sentencing Reform Act of 1982. As we stated in *State v. Taylor:*

> We are of the view that such a sentence is the least severe measure necessary to achieve the purpose for which the sentence is bring imposed. T.C.A. § 40–35–103(4). Also, we feel there is a strong likelihood that the defendant will successfully complete the program as well as rehabilitate ... [herself] in the process. T.C.A. § 40–35–103(5). As the Supreme court said in *State v. Moss,* supra: "The policy expressed [by the Tennessee Criminal Sentencing Reform Act] is that the punishment imposed should fit the crime as well as the individual." 725 S.W.2d at 235.

744 S.W.2d at 922.

The convictions of the defendant are affirmed. However, we vacate the sentences imposed by the trial court and remand this cause for the entry of an order sentencing the defendant pursuant to the Tennessee Community Corrections Act of 1985, T.C.A. §§ 40–36–101, et seq., and the implementation of the proposed program outlined by the State of Tennessee Department of Correction, Adult Probation Division, which is

attached to the defendant's motion for modification of sentence.

■ The defendant shall be sentenced to the intensified supervision program in Knox County in lieu of incarceration in a State penal institution, local workhouse, or jail for a period of three (3) years. During this period of time the defendant will be required to: (a) maintain employment; (b) maintain, support and care for her children according to her financial means; (c) obtain personal counseling for her previous drug addiction until a health care provider or an authorized employee of a mental health center determines the defendant is no longer in need of counseling; (d) refrain from the use of illegal drugs and narcotics in any form or manner; (e) refrain from drinking alcoholic beverages to excess; and (f) submit to random drug screens whenever requested by the agency administering the program. In addition, the trial court may within its discretion review the proposed program and impose such additional terms and conditions that it may deem appropriate, T.C.A. § 40–36–106(e)(1), which are not inconsistent with the Community Corrections Act of 1985 or the Tennessee Criminal Sentencing Reform Act of 1982. *See State v. Taylor,* supra at 922.

The requirements of this alternative form of punishment will not be easy. Thus, this Court admonishes the defendant that the trial court has the power and authority to revoke this sentence at any time if her conduct does not conform to the requirements contained in this opinion, imposed by the trial court, or contained in the proposed program of the administering agency. If this sentence is revoked, the trial court can require her to serve a sentence in the Department of Correction. In summary, the defendant must strictly adhere to the requirements of the administering agency, the trial court as well as the conditions set forth in this opinion, or she will be sent to the Department of Correction.

Our opinion today should not be construed to mean that every person convicted of a felony, who meets the minimum criteria of the Tennessee Community Correc-

tions Act of 1985, is entitled, as a matter of right, to be sentenced pursuant to the Act. While trial courts are encouraged to sentence worthy individuals pursuant to the provisions of the Act, it must be remembered that these issues, like other sentencing issues, must be determined by the facts and circumstances presented in each individual case. *State v. Moss,* supra; *State v. Taylor,* supra at 922.

DAUGHTREY, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.

## ORDER DENYING PETITION TO REHEAR

The State of Tennessee has filed a courteous petition to rehear pursuant to Rule 39, Tennessee Rules of Appellate Procedure. According to the State, it seeks to clarify certain portions of the Court's opinion, which was filed August 5, 1988. It does not take issue with this Court's ultimate decision to sentence the defendant, Lillian Michele Huff, pursuant to the Community Corrections Act of 1985.

The petition raises two (2) issues. First, the State of Tennessee contends this Court inadvertently reduced Mrs. Huff's sentence. Second, the State contends that this Court "misapprehends a material proposition of law in holding that a mother with children necessarily meets special needs pursuant to Tenn.Code Ann. § 40–6–104(5)."

While the opinion is clear on its face, this Court will nevertheless attempt to set forth the basic concepts considered by the Court when rendering its opinion. Hopefully, such a discussion will remove the cloud of doubt which the State says presently exists.

## REDUCTION OF SENTENCES

■ This Court conducted a *de novo* review of the sentencing issues as it is required to do pursuant to law. T.C.A. § 40–35–402(d); *State v. Taylor,* 744 S.W. 2d 919, 920 (Tenn.Crim.App.1987). After thoughtful deliberation this Court concluded that the trial court should have sen-

tenced the defendant pursuant to the Community Corrections Act of 1985. T.C.A. §§ 40–36–101, et seq.

Contrary to the assertion of the State of Tennessee, this Court did not inadvertently reduce the defendant's sentence. This Court set aside the original seven (7) year sentence imposed by the trial judge, and, in lieu thereof, ordered that the defendant receive a three (3) year sentence which conforms with the Community Corrections Act of 1985. As this Court said in its original opinion:

> The convictions of the defendant are affirmed. However, *we vacate the sentence imposed by the trial court and remand this cause for the entry of an order sentencing the defendant pursuant to the Tennessee Community Corrections Act of 1985*, T.C.A. §§ 40–36–101, et. seq., and the implementation of proposed program outlined by the State of Tennessee Department of Correction, Adult Probation Division, which is attached to the defendant's motion for modification of sentence. [Emphasis added]
>
> The defendant *shall be sentenced* to the intensified supervision program in Knox County in lieu of incarceration in a State penal institution, local workhouse, or jail *for a period of three (3) years....* [Emphasis added]

The Tennessee Sentencing Reform Act of 1982 permits this Court to reduce a sentence. The Act provides that "[i]f, in the opinion of the appellate court, the sentence is excessive or the manner of service of such sentence is inappropriate, the sentence shall be modified as provided in subsection (c)." T.C.A. § 40–35–402(d). Since the defendant was being sentenced pursuant to the Community Corrections Act of 1985, and this Court was of the opinion such a lengthy sentence was inappropriate under the circumstances, the sentence was modified and the cause remanded to the trial court for the entry of an appropriate order. Subsection (c) of this statute permits this Court to reduce, vacate, or set aside the sentence imposed, remand the cause for the entry of an appropriate sentence, and direct any further proceedings which are appropriate or required under the circumstances. In summary, our opinion conforms to the statutory laws of this jurisdiction.

If the defendant can follow the conditions placed upon her by the Community Corrections Act, this Court, and the trial court for a period of three (3) years, the defendant will have proven that she has rehabilitated herself; and any additional supervision pursuant to the Community Corrections Act or the laws governing probation will not be necessary. To the contrary, it will constitute a waste of the taxpayers' money.

Of course, this does not mean that the defendant's effective sentence has been conclusively reduced to three (3) years. T.C.A. § 40–36–106 provides in part that the trial judge "shall retain the authority to alter or amend at any time the length, terms or conditions of the sentence imposed" as long as the defendant is required to serve the sentence. If the appellant violates any of the terms and conditions of her sentence, the trial court "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed...." In summary, if the defendant does not fulfill her committment pursuant to the Community Corrections Act, the trial court can resentence the defendant to the full seven (7) year sentence, and, in addition, mandate that she serve the sentence in the Department of Correction.

## SPECIAL NEEDS OF THE DEFENDANT

The State of Tennessee has focused upon one paragraph in an eleven (11) page opinion and quotes from nine (9) lines from the opinion regarding the "special needs" of the defendant. Obviously, this was not the only reason or consideration of this Court in determining that the defendant should be sentenced pursuant to the Community Corrections Act of 1985.

First, the defendant meets all of the criteria outlined in T.C.A. § 40–36–106(a).

Second, such a sentence comports with the goals of the Community Correction Act. These include: (a) the promotion of accountability of the defendant to her local community by requiring her to perform community service restitution to local governments and community agencies, including the payment of outstanding court costs—she has already made complete restitution to all of the victims; (b) it reduces the number of nonviolent felony offenders in a correctional institution and punishes the offender through non-custodial options; and (c) provides an opportunity for an offender demonstrating special needs to receive services which enhance his or her ability to provide for their families and become contributing members of their community.

The sentence imposed also comports with the sentencing purposes and considerations contained in the Criminal Sentencing Reform Act of 1982. *See* T.C.A. §§ 40–35–102 and 103. The sentence assures the imposition of a sentence the defendant deserves in relation to the seriousness of her offense. T.C.A. § 40–35–102(1). Furthermore, such a sentence encourages rehabilitation by promoting a program that elicits the voluntary cooperation and participation of the defendant. T.C.A. § 40–35–102(3)(C). In addition, the sentence imposed is no greater than that deserved for the offense committed by the defendant. T.C.A. § 40–35–103(2); and the sentence is the least severe measure necessary to achieve the purposes for which the sentence is being imposed. T.C.A. § 40–35–103(4). Last, but certainly not least, this Court has considered the potential for the rehabilitation or treatment of the defendant in determining this sentencing alternative. T.C.A. § 40–35–103(5).

The State's contention that this Court's opinion indicates that a woman with minor children automatically meets the requirements of the "special needs" goal of the Act is misplaced. The paragraph which the State quotes in its petition is taken out of context. First, the defendant voluntarily overcame her drug problem prior to sentencing, and recognized the need for treatment of this problem. No one can question that she can receive better treatment for her condition in the Knox County community as opposed to a penal institution of this State. Second, the defendant does in fact have two small children who are in need of her, one of which is afflicted with cerebral palsy. In the interim period, the defendant's husband, as indicated in the opinion, has been sentenced to the Department of Correction and the children have been without a parent for a considerable period of time. Third, the defendant has exhibited a need to work and provide for her family. This will make her become a contributing member of the Knox County community.

The petition to rehear is denied.