IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1999 SESSION

FILED

October 11, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9901-CR-00026 |
| Appellee, | ) | |
| | ) | Cumberland County |
| v. | ) | |
| | ) | Honorable Leon Burns, Jr., Judge |
| DAVID HOWARD PROFFITT, | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |

FOR THE APPELLANT:

DAVID NEAL BRADY
District Public Defender

JOE L. FINLEY, JR.
Assistant Public Defender
215 Reagan Street
Cookeville, TN 38501-3404

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

_____WILLIAM EDWARD GIBSON
District Attorney General

ANTHONY J. CRAIGHEAD
Assistant District Attorney General
145 South Jefferson Avenue
Cookeville, TN 38501-3424

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

**O P I N I O N**

The defendant, David Howard Proffitt, pleaded guilty to aggravated assault on December 3, 1995 in the Cumberland County Criminal Court. He was sentenced to six years to be served in the community corrections program. The defendant was charged with driving under the influence on June 13, 1998. As a result of this offense, a violation warrant was issued June 19, 1998. A second violation warrant was issued July 30, 1998, because the defendant was indicted for theft of a dump truck. A revocation hearing was held December 2, 1998. The trial court revoked the defendant's probation and ordered him to serve the remainder of his six-year term in prison. The defendant timely appealed. Based on our review of this matter, we affirm the decision of the trial court.

The defendant raises two issues on appeal:

I. Whether the trial court erred in violating the defendant's probation for allegedly committing the offense of driving under the influence and theft over $10,000 when the State failed to establish these violations by a preponderance of the evidence.

II. Whether the trial erred in violating the defendant's probation for violation of rules and conditions not placed in evidence.

The defendant entered a guilty plea on December 5, 1995, to the offense of aggravated assault. According to the judgment, he was granted probation and placed effective "immediately" into the community corrections program. The community corrections order, dated that same day, lists a number of conditions by which the defendant was to abide. Among these were the following:

3) not use intoxicants of any kind or use narcotic drugs; marijuana included; or visit places where intoxicants or drugs are unlawfully sold, disbursed or used.

10) obey the laws of the United States or any State in which he/she may be as well as any local ordinances.

Immediately above the defendant's signature on this form is stated the following:

2

> Violation of any of the terms of the Community Corrections sentence may be sufficient cause for revocation of Community Corrections. The expiration date of this Community Corrections sentence is the 5th day of December, 2001.
>
> I have read or have had read to me, the conditions of my Community Corrections Sentence. I fully understand them and agree to comply with them. I hereby waive all extradition rights and process and agree to return to Tennessee if at any time during my Community Corrections Sentence the Trial Judge directs me to do so.

On January 8, 1997, the trial court entered an order interrupting the participation of the defendant in the community corrections program, and ordering that he be on supervised probation with the State of Tennessee Probation Office in Cumberland County. It was while he was under the supervision of that office that the two violation of probation warrants were filed.

The standard of review upon an appeal of an order revoking probation is the abuse of discretion standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). "In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82. If the trial judge finds by a preponderance of the evidence that a probation violation has occurred, the court may revoke the defendant's probation. Tenn. Code Ann. § 40-35-311(e) (1997). Proof of a violation is sufficient if it allows the trial judge to make a conscientious and intelligent judgment. State v. Smith, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995) (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App.1984)).

In the case *sub judice,* two violation affidavits were filed, one for felony theft and one for DUI. Crossville Police Officer Phillip Seiber testified that he charged the defendant with DUI and violation of implied consent. Officer Seiber stated that he stopped the defendant because the defendant was driving with an expired tag. When the defendant got out of the car, the officer smelled a strong odor of alcohol. The defendant failed to pass several field

sobriety tests. When taken into custody, the defendant refused to take a blood alcohol test and told the officer he had been drinking at a bar. At the time of the revocation hearing, the defendant had been convicted on the DUI charge.

Tennessee Bureau of Investigation Agent Tommy Callahan testified the defendant was in possession of a stolen 1996 dump truck valued at $84,000. According to Agent Callahan the stolen truck's vehicle identification number (VIN) had been altered. The stolen 1996 truck was identified by its secondary identification numbers. The VIN plate had been removed and replaced with a VIN plate for a 1977 model Ford L 90 purchased by the defendant. The defendant obtained a title for the 1977 truck and then sold the truck to a salvage yard. At the time of the revocation hearing, the defendant was scheduled to go to trial on the truck theft.

Based on the testimony presented, the trial court revoked the defendant's probation and ordered him to serve the remainder of his six-year sentence in jail.

Compliance with state laws is an automatic condition of probation. State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997). Pending charges can also be the basis for a revocation of probation. See State v. Adams, 650 S.W.2d 382, 383 (Tenn. Crim. App. 1983) (allowing revocation based, in part, on pending forgery charge). Further, the trial court can consider conduct inconsistent with good citizenship even when the defendant has been acquitted of a criminal charge arising from the conduct. State v. Delp, 614 S.W.2d 395 (Tenn. Crim. App. 1980).

The defendant was convicted on a DUI charge. He was indicted for theft over $60,000. Evidence was also presented that the defendant violated the no consumption of alcohol term of his probation.[1] Based upon our review of the record, we find the trial court's decision to revoke the defendant's probation was supported by substantial evidence.

---

[1]Although the defendant argued the terms of his probation were not placed in evidence, the community corrections order listing the conditions of his probation was placed in the record.

4

For the foregoing reasons, we affirm the decision of the trial court.


_____
                                        ALAN E.  GLENN, JUDGE


CONCUR:



_____
JOSEPH M. TIPTON, JUDGE



_____
JOHN EVERETT WILLIAMS, JUDGE