# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 24, 2012

## STATE OF TENNESSEE v. TERRY MAPLES

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-16337 & C-18117     Tammy Harrington, Judge**

---

**No. E2011-01441-CCA-R3-CD - Filed February 17, 2012**

---

A Blount County jury convicted the Defendant of theft of properly valued between $1,000 and $10,000, and the trial court sentenced him to three years on supervised probation. The Defendant's probation officer filed a probation violation warrant, alleging that the Defendant had violated his probation by, among other things, committing new offenses. The trial court agreed and ordered him to serve 90 days in jail and then return to probation. The Defendant then pled guilty to forgery and identity theft and, pursuant to a plea agreement, was sentenced to probation. The Defendant's probation officer then filed another probation violation warrant alleging that the Defendant had violated his probation in both cases by, among other things, committing theft. Following a hearing, the trial court revoked the Defendant's probation and ordered him to serve his sentences in confinement. On appeal, the Defendant contends the trial court erred when it ordered him to serve his sentences in confinement. After reviewing the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Mack Garner (at hearing), Maryville, Tennessee, and J. Liddell Kirk (on appeal), Knoxville, Tennessee, for the appellant, Terry Maples.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Mike Flynn, District Attorney General; Clinton Frazier, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I.  Facts and Procedural History

On February 5, 2007, a Blount County grand jury indicted the Defendant for theft of property valued between $1,000 and $10,000. The indictment was amended to allege that the Defendant took "four aluminum slant load dividers for a horse trailer and one aluminum retractable slant load divider for a horse trailer" from the victim, Larry Wheelon. A Blount Count jury convicted the Defendant of this offense, and, on August 27, 2008, the trial court sentenced the Defendant to three years of supervised probation.

On April 23, 2009, an affidavit of complaint was filed in the Blount County General Sessions Court, alleging that the Defendant had committed forgery and identity theft. The complaint alleged that the Defendant had forged a document so that it appeared to have been written by Glenna Pendergaff and that he had also used Pendergaff's Home Depot credit card without her permission to obtain merchandise from Home Depot.

On April 29, 2009, the Defendant's probation officer filed a probation violation report, alleging that the Defendant had violated his probation by: committing new offenses; failing to notify his probation officer of the new offenses; using a controlled substance, (which he later admitted on November 26, 2008); and failing to obtain a drugs assessment. After holding a hearing, the trial court issued an order on June 12, 2009, finding that the Defendant had violated his probation. The trial court revoked the Defendant's probation, ordered him to serve 90 days in confinement, after which he would be returned to supervised probation.

On the same day the trial court entered its order revoking the Defendant's probation, June 12, 2009, the Defendant agreed to a "waiver of indictment," allowing the State to prosecute him for forgery and identity theft without convening a grand jury. The trial court then entered the Defendant's plea of guilty to both charges and sentenced the Defendant to two years of supervised probation. The trial court ordered that the two-year sentence run consecutively to the remainder of the Defendant's three-year theft probationary sentence.

On April 21, 2011, the Defendant's probation officer filed a probation violation report, alleging that the Defendant had violated his probation by: being charged for theft of properly valued less than $500.00; failing to report to his probation officer; failing to follow the instructions contained in his alcohol and drug assessment; failing to pay court costs, restitution, and fees. At a hearing to determine whether the Defendant had violated his probation, the following evidence was presented: Nicholas Isgrigg testified that in March 2011, he was the assistant store manager of a Food City. He was using a camera located in the back office of the store when he observed the Defendant in one of the aisles of her store. She saw the Defendant conceal seven or eight packages of steaks in a pullover that he was wearing. Isgrigg stopped the Defendant before he left the store and retrieved the items that he had put into his pullover.

On cross-examination, Isgrigg testified that after she retrieved the steaks, she took them to a cash register to find out the total amount of the meat, which was approximately $86.00. She said store policy required her to dispose of any steaks that have been concealed.

Gregory Scott Dunkel, a probation officer for the State of Tennessee, testified that he was responsible for supervising the Defendant. He began supervising the Defendant on September 28, 2008, after the Defendant had been sentenced to probation for his theft conviction. He recalled that the Defendant had violated that probation by committing identity theft and forgery, but had been returned to probation after pleading guilty to those offenses. Officer Dunkel testified that the Defendant had failed to report to him on thirteen different occasions. He said, however, he did not file a violation report because he was attempting to allow the Defendant to stay on probation. Officer Dunkel also testified that the Defendant had not followed the recommendations of his alcohol and drug assessment, namely participating in intensive outpatient treatment. The Defendant also owed court costs, restitution, and fees, and he had not made a substantial payment toward those debts.

On cross-examination Officer Dunkel conceded that some of the "missed" meetings were meetings that the Defendant had rescheduled and then successfully attended. The officer said that part of the reason he had given the Defendant additional opportunities to succeed was that the Defendant had suffered from several medical difficulties during his supervision, including a staph infection, a spider bite, an injured finger, and a broken leg.

The Defendant testified that he was fifty-two years old at the time of the hearing. He said that he had not tested positive for cocaine since before the first time he violated his probation, which had resulted in his first violation, and that he had successfully stopped using drugs for over a year. He said he that on February 23, 2011, he had fallen thirty feet out of a tree and broken his left heel and ankles. As a result, doctors prescribed for him Hydrocodone and Toradol, both medications he was still taking. The Defendant testified about several other medical problems he had suffered while on probation, including being bitten by a brown recluse spider and severely cutting his finger on a log splitter.

The Defendant testified about attempting to take the steaks from Food City, saying he was hungry and could not get help from anyone. His friends and family had stopped helping him, so he attempted to steal some food. He said that the police did not prosecute him but only wrote him a ticket. He said the ticket was still pending.

The Defendant asked the trial court to return him to probation, telling the court that he had learned his lesson and he was "getting too old for [criminal behavior to be] in his life."

On cross-examination the Defendant testified that he only took three packs of meat. He agreed that he was at the grocery store with a co-defendant at the time, but he said his co-defendant did not know he was going to steal the steaks. The Defendant conceded that, in 2005, he had written a worthless check to Walmart and that, in 2007, he was convicted of theft for stealing a lawnmower from his "family estate." The Defendant also conceded that he had not paid a significant amount in restitution or toward his court costs, but he said he had been burdened with some personal matters.

On June 20, 2011, the trial court issued an order, finding that the Defendant had materially violated the terms of his probation. The trial court ordered the Defendant's probation revoked and ordered him to serve the remainder of his sentence in confinement.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant concedes that he violated his probation but contends the trial court abused its discretion when it ordered him to serve the balance of his sentence in confinement. The State counters that the record supports the trial court's finding that the Defendant violated his probation and that the trial court's imposition of his sentence was within its discretion.

When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. T.C.A. § 40-35-311(e) (2010). Upon finding that the defendant has violated the conditions of probation, the trial court may revoke the probation and either: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years. *State v. Hunter*, 1 S.W.3d 643, 644 (Tenn. 1999); *see* T.C.A. §§ 40-35-308, -310, -311 (2010). The defendant has the right to appeal the revocation of his probation and entry of his original sentence. T.C.A. § 40-35-311(e)(2) (2010). After finding a violation, the trial court is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered . . . ." T.C.A. § 40-35-311(e)(1) (2010); *accord Hunter*, 1 S.W.3d at 646 (holding that the trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement). Furthermore, when probation is revoked, the trial court may order "the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension . . . ." T.C.A. § 40-35-310 (a) (2010).

The decision to revoke probation is within the sound discretion of the trial judge.

*State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). This Court will uphold a trial court's judgment to revoke probation unless the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. *Id.*; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

When the violation alleged in a probation warrant is the commission of a new offense, the State must present sufficient facts to enable the trial court to make a proper judgment as to whether the conduct in question violated the law. *Harkins*, 811 S.W.2d at 83 n.3. While pending charges can be the basis for a revocation of probation, a trial court may not rely upon the arrest or the indictment alone to revoke the probation. *See State v. Adams*, 650 S.W.2d 382, 383 (Tenn. Crim. App. 1983). A police officer's testimony about the facts surrounding an arrest may be sufficient to support a trial court's revocation of probation. *State v. Eric L. Abell*, No. M2006-01981-CCA-R3-CD, 2007 WL 2088949, at *5 (Tenn. Crim. App., at Nashville, July 23, 2007) *no Tenn. R. App. P. 11 app. filed*.

In this case, the Defendant conceded that he took the meat from the Food City store. He explained, however, that he was hungry at the time. He also conceded that he may have missed some of his appointments with his probation officer and that he had not paid his court ordered restitution and fines. The record supports the trial court's finding that the Defendant violated his probation. After finding a violation, the trial court retains the discretionary authority to order the Defendant to serve his or her original sentence in confinement. *See Hunter*, 1 S.W.3d at 646. Accordingly, the trial court did not abuse its discretion when it ordered that the Defendant serve the balance of his sentences in confinement. The Defendant is not entitled to relief on this issue.

### III. Conclusion

Based upon the foregoing reasoning and authorities, we affirm the trial court's revocation of the Defendant's probation and its imposition that his sentences be served in confinement.

_____
ROBERT W. WEDEMEYER, JUDGE