# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs March 19, 2013

## STATE OF TENNESSEE v. DONTA HENRY IVORY

**Appeal from the Circuit Court for Montgomery County
Nos. 41001146, 41100312, Michael R. Jones, Judge**

---

**No. M2012-01815-CCA-R3-CD - Filed June 12, 2013**

---

The Defendant-Appellant, Donta Henry Ivory, appeals from the Montgomery County Circuit Court's order revoking his probation. Ivory entered a guilty plea to statutory rape, and he received a suspended sentence of two years. In a separate case, he later entered a best interest plea to an amended charge of aggravated assault and received a five-year suspended sentence concurrent with the previous two-year sentence. On appeal, Ivory argues that the trial court erred in revoking his probation. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and JEFFREY S. BIVINS, JJ., joined.

Roger E. Nell, District Public Defender; Daniel Ufford, Assistant District Public Defender, Clarksville, Tennessee, for the Defendant-Appellant, Donta Henry Ivory.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Dan Brollier, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On April 19, 2012, a probation violation warrant was issued alleging Ivory had (1) been arrested and charged with committing aggravated burglary, (2) admitted smoking marijuana, and (3) owed $2,114.00 in court costs. At the revocation hearing, Bonn Vincent Brabston testified that on April 13, 2012, he was at home and heard individuals on his back porch. He said:

[A]t some point, somebody tried to open the door, unsuccessfully. Somebody shifted over to the window. They tried to open the window up unsuccessfully and then somebody returned to the door and started working on it, at which point, I went across the street and talked with my neighbor and she called 911 for me and I talked to the police department.

. . . .

At some point after I crossed the street to call the police, somebody did break in the door.

Brabston said from the voices he heard, he thought there were two men trying to break into his residence. He stated that "food and hygiene products as well as an electric razor [were] taken." He did not give anyone permission to enter his residence. Brabston acknowledged he was visually impaired and did not see the individuals breaking in or the person the police captured.

Aleshia Chambers testified that she was at her house on April 13, 2012, when Brabston came and told her "that somebody was trying to break into his house." She offered Brabston her telephone to call the police and "look[ed] across the street and [saw] what was going on at his house." She saw Ivory and two other men in Brabston's back yard talking with Brabston's next door neighbor, Betty. Chambers said after Betty walked back into her house, she heard "a boom noise and then after the boom, [Ivory] disappeared and [Chambers] was telling Mr. Brabston while he was on the phone talking to the police that [she thought] they kicked his door down." Brabston relayed this information to the police. When the first police car arrived, from her house Chambers saw Ivory "took off running," and the three men "ran through the woods." She saw the police bring Ivory back to the house in a police car. She identified Ivory in the courtroom.

On cross-examination, Chambers acknowledged she could not see Ivory enter Brabston's house because he was behind Brabston's house. She acknowledged she did not see Ivory carrying anything but saw one man, whom at the time of the incident appeared to be white, carrying a big box. Chambers said these events occurred around four or five o'clock in the afternoon. She said the police arrived within "three or four minutes at the most."

Danesha Baldwin of the Tennessee Board of Probation and Parole testified that Ivory tested positive for marijuana, and on November 16, 2011, he "admitted to smoking marijuana on or about November 7th." She said Ivory's file did not reveal whether or not he made any effort to pay his court costs. On cross-examination, Baldwin testified that she had not met

with Ivory. She said his record did not contain proof of employment but did show his registration with the Career Center.

In revoking Ivory's probation, the court stated as follows:

Based on the evidence I have heard, there is no doubt that a burglary occurred, a home burglary occurred. Mr. Ivory is clearly identified as one of the participants in that burglary, who–upon seeing the police was fleeing with a box. It doesn't have to be held by Mr. Ivory, participate without that. So he is in violation for committing an aggravated burglary. He's also in violation for using marijuana. I don't have sufficient proof to find that he willfully violated by failures to pay.
. . . .

Having found then that Mr. Ivory violated the terms of his probation by committing another[1] aggravated burglary while on probation, I am going to order that he serve his sentences in both these cases.

Ivory filed a timely notice of appeal.


ANALYSIS

Ivory argues that the trial court abused its discretion in ordering full revocation of his probation, because the State did not prove that he committed burglary by a preponderance of the evidence. He concedes that his proven use of marijuana was "sufficient for the trial court to revoke probation," but he argues that "a single use of marijuana does not justify total revocation. Partial revocation or extension of probation, or both, is an appropriate sanction for the violation." The State responds that the trial court properly exercised its discretion in revoking Ivory's probation based on both violations. We agree with the State.

If the trial judge determines that the defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." T.C.A. § 40-35-311(e) (2006). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent

---

[1] A previous aggravated burglary charge was dismissed on August 19, 2011, when Ivory entered his best interest plea to an amended charge of aggravated assault.

an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). In order to establish an abuse of discretion, the defendant must show "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Once the trial judge has made the finding that a violation of probation has occurred, he or she has the discretion to order the defendant to (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); see T.C.A. §§ 40-35-308, -310, -311.

"A new arrest and pending charges are proper grounds on which a trial court can revoke a defendant's probation, however a trial court may not rely on the mere fact of an arrest or an indictment to revoke a defendant's probation. A revocation on this basis requires the State to 'produce evidence in the usual form of testimony' in order to establish the probationer's commission of another offense while on probation." State v. Catherin Vaughn, No. M2009-01166-CCA-R3-CD, 2010 WL 2432008, at *3 (Tenn. Crim. App. June 14, 2010) (citations omitted).

Ivory has failed to demonstrate that the trial court abused its discretion in revoking his probation. At the outset, as conceded by Ivory, his drug use alone provided the trial court with a sufficient basis upon which to revoke his probation. Ivory argues that an unlawful entry into Brabston's home was not proven. He cites State v. Sherman, 266 S.W.3d 395, 408 (Tenn. 2008), for the proposition that "[m]ere presence during the commission of a crime is insufficient to support a conviction." However, Sherman challenged a conviction, which requires proof beyond a reasonable doubt, and the case *sub judice* concerns a revocation of probation, which requires proof by "a preponderance of the evidence . . . that a defendant violated the conditions of his probation." State v. Gabel, 914 S.W.2d 562, 564 (Tenn. Crim. App. 1995); see Delp, 614 S.W.2d at 396-97 ("This Court has previously held that a trial judge at a probation revocation hearing is not bound by an acquittal of a criminal offense which occurs, as in this case, after a suspended sentence is granted, when it appears that a defendant is guilty of conduct inconsistent with good citizenship."); accord State v. Adams, 650 S.W.2d 382, 383 (Tenn. Crim. App. 1983). Finally, a trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App.1980)

At the hearing, the victim testified that he heard men on his back porch trying to enter his house through both a door and a window, that his home was broken into, and that property was taken from his home. His neighbor testified that she saw Ivory behind the

victim's house, heard a loud noise, and saw Ivory run from police with two other men. She identified Ivory as one of the men she saw behind the victim's home. "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge. His findings have the weight of a jury verdict." Delp, 614 S.W.2d at 398 (citing Bledsoe v. State, 387 S.W.2d 811, 814 (1965)). This evidence supported the trial court's revocation of Ivory's probation.

Once the trial court determined that Ivory violated the terms of his probation, it was authorized "to cause execution of the defendant's original judgment as it was originally entered." Hunter, 1 S.W.3d at 647 (citing T.C.A. § 40-35-310). The court did not abuse its discretion by ordering Ivory to serve his sentence in custody. "Incarceration was clearly one of the options available to the trial court upon finding that violations occurred." State v. Matthew C. Welker, No. M2011-00900-CCA-R3-CD, 2012 WL 1343857, at *4 (Tenn. Crim. App. Apr. 17, 2012). Ivory is not entitled to relief.

## CONCLUSION

Upon on review, the judgment of the Circuit Court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE