**STATE of Tennessee, Appellee,**

v.

**James Joseph CHARLTON, III & Ralph Lee Jackson, Jr., Appellants.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 18, 1987.

Permission to Appeal Denied by Supreme Court March 7, 1988.

N. Alan Lubin, Memphis, for appellants.

W.J. Michael Cody, Atty. Gen. & Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

This is an appeal of right by James Joseph Charlton, III [1] and Ralph Lee Jackson, Jr. Both appellants entered guilty pleas to the charge of "conspiring to accept and receive money from the proceeds of women engaged in prostitution" in violation of T.C.A. § 39-2-633. Appellant Jackson was sentenced by the Shelby County Criminal Court to 11 months, 29 days in the local workhouse. Appellant Charlton received a sentence of six months. Appellants present for review identical issues:

Whether the trial court erred in denying defendant(s) a suspended sentence.

The record reveals that the appellants were engaged in the business of procuring sexual favors. In the popular vernacular, they were pimping for prostitutes under the guise of an escort service. Appellant Jackson's involvement in this type of business dates back to 1984 when he and others retained an attorney for the apparent purpose of shrouding such an operation in legitimacy. According to Jackson, the attorney advised them to incorporate the "escort service" and license the business under assumed names. The attorney also drew up employment contracts between the service and its ladies of the evening. Jackson alleged that the attorney was involved in recruiting ladies for the "escort service" from among his former clients and that the attorney represented these ladies whenever they were arrested. Jackson further testified that the attorney assured him and his associates that by using employment contracts requiring the ladies to engage in no unlawful activities, the operators of the business would be protected from criminal prosecution.

Following a falling out between appellant Jackson and his associates, Jackson organized several other "escort services" in late 1985 along the same lines as had been done earlier. It was this operation which employed the appellant Charlton just prior to the raid which led to the indictment of the appellants in January, 1986.

In denying appellants' motions for suspended sentence, the trial court predicated its decision upon the nature and circumstances of the crime, the need for deterrence and a determination that probation

---

1. We note for the record that appellant's brief indicates the spelling of his last name to be Charleton. However, appellant was indicted and convicted under this spelling, and no objection is found in the record.

was not in the best interest of society. Appellants argue generally that the trial court abused its discretion in refusing to grant their respective petitions for suspended sentence. Appellants imply that the basis of the trial court's sentencing determination should be rehabilitative and not punitive since they were naive as to the criminal conduct of those ladies employed by the "escort service". Appellants note their favorable work history, lack of criminal record, remorse and their cooperation with authorities in investigating this operation. Appellant Charlton further notes the limited time of his criminal involvement and the fact he received no compensation for his efforts.

 The issue presented requires this Court to conduct a *de novo* review on the record without a presumption of correctness. T.C.A. § 40–35–402(d). The suspension of a sentence is a privilege to which the defendant has the burden of establishing he is entitled. T.C.A. §§ 40–21–104(a)(1), 40–35–303(b); *State v. Gentry*, 656 S.W.2d 53, 55 (Tenn.Crim.App.1983). The trial court, in determining whether to grant probation, must look to the circumstances and nature of the offense, the defendant's criminal record, his social history and present condition, including his physical and mental conditions. Consideration also should be given to whether the granting of probation is in the best interest of the defendant and the public. T.C.A. § 40–21–104(a)(1); *Stiller v. State*, 516 S.W.2d 617, 620 (Tenn.1974).

 We are in accord with the judgment of the trial court and share its abomination regarding the nature and circumstances of the offenses. Appellant Jackson clearly had engaged in an unlawful prostitution ring of considerable enormity and economic potential. He was in the process of developing a new venture with new associates in an effort to duplicate the magnitude and profitability of his earlier effort. At least five "escort services" appear to have been established by the appellant Jackson, involving a minimum of 16 ladies of the evening. Although the exact income produced from the illegal activity was not specified in the record, it appears that such an operation could generate hundreds of thousands of dollars annually. In short, we are concerned, as was the trial court, by the circumstances of the offenses and find the degradation of human beings for profit shocking and reprehensible.

Further, we recognize that the degree of significance to be placed upon deterrence in restraining this offender or curbing the propensity of criminal activity in others varies widely with the class of the offense and facts of each case. The criminal activity reflected in this record requires that punishment be imposed in order to ensure both specific and general deterrence. Specifically, these appellants must be dissuaded from similar future conduct. Generally, other potential offenders so inclined must be made to realize the fullest consequences of their contemplated actions. Notwithstanding the maxim that morality cannot be legislated, unlawful operations such as this represent an extreme risk to not only the health of our community, but also to its moral and social welfare. Efforts by the appellants to lend an air of legitimacy to their criminal activity by incorporation and the use of employment contracts intended to limit their own criminal and civil liability simply do not impress this Court. We find deterrence to be a valid consideration of weight in support of probation denial under the circumstances.

As to appellants' trial argument that they were unaware of any unlawful conduct by the ladies employed by the "escort service", we find this most incredible. The record, in its entirety, reveals that appellants were clearly aware of the true nature of the operation. Included as a trial exhibit is a photo album used in the operation which contains pictures of the employed ladies, their physical dimensions and sexual preferences. The operators of the "escort service" had advised their ladies to avoid places where they were likely to be apprehended by police. Names and descriptions of Memphis vice squad officers were also provided to the ladies. Moreover, we find appellants' alleged naivete especially unbelievable in view of the fact the record

reveals them both to be former law enforcement officers.

Finally, while appellants' favorable presentence report, positive employment history, health considerations, social history and expressed remorse are duly noted by this Court, we are not of the opinion that it is in the best interest of society that appellants be probated. Inherent in our State's penal system, and reflected in Tennessee's new sentencing statute, are considerations for both rehabilitation and punishment. It is the charge of every court to impose upon a convicted offender a sentence properly balanced between rehabilitation and punishment, given the circumstances unique to that case. Therefore, we are not in agreement with the appellants' inference that these elements are necessarily mutually exclusive. Here, the trial court expressly sentenced appellants to the county workhouse, and appropriately sentenced Jackson to a stiffer sentence in light of his more extensive criminal involvement. Clearly, appellants' argument that the trial court abused its discretion in denying probation is baseless.

Appellants have not carried the burden of establishing their entitlement to suspended sentences. The issue, therefore, is overruled. Accordingly, the judgment of the trial court is affirmed.

SCOTT, J., and LLOYD TATUM, Special Judge, concur.