# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1997 SESSION

FILED

May 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9604-CC-00140 |
| Appellee, | ) | |
| | ) | HANCOCK COUNTY |
| VS. | ) | |
| | ) | HON. JAMES E. BECKNER, |
| RAYMOND O. BROWN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Vandalism) |

FOR THE APPELLANT:           FOR THE APPELLEE:


**GREG EICHELMAN**
Public Defender

**D. CLIFTON BARNES**
Asst. Public Defender
1609 College Park Dr., Box 11
Morristown, TN  37813-1618

**JOHN KNOX WALKUP**
Attorney General & Reporter

**JANIS L. TURNER**
Counsel for the State
450 James Robertson Pkwy.
Nashville, TN  37243-0493

**C. BERKELEY BELL**
District Attorney General

**FLOYD W. RHEA**
Asst. District Attorney General
North Court St.
Sneedville, TN  37869


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted for assault and vandalism under five hundred dollars ($500). A jury found him guilty of the vandalism offense, a Class A misdemeanor, and assessed a fine of one thousand five hundred dollars ($1500). He was found not guilty of the assault charge. The court below sentenced the defendant to incarceration for eleven months, twenty-nine days with a release eligibility date at ten percent. In this direct appeal, the defendant contends that the evidence was not sufficient to support the verdict and that the trial court erred by not sentencing him to immediate probation. After a review of the record, we affirm the judgment below.

Jennifer Louthan, age sixteen, testified that she and the defendant, age twenty-three, had been engaged to be married. On the afternoon of April 12, 1995, she drove over to the defendant's father's residence, where the defendant lived, with her girlfriend Renee Mink. Ms. Louthan was driving a small pick-up truck which her father had bought for her use. Ms. Louthan and the defendant got into an argument in which the defendant demanded that she return the jewelry he had given her. Following this argument, according to Ms. Louthan, she backed to the top of the driveway where the defendant, who was in his car, bumped her truck twice from behind. Subsequently, he got out of his car, came over to her truck while she and Ms. Mink sat in it and beat out the back window. Ms. Louthan testified that the defendant had then struck her twice in the head and then leaned into the truck and proceeded to attack her radio. Ms. Mink testified to the same effect.

The defendant took the stand and denied that he had broken out the truck window and further denied striking Ms. Louthan. He testified that the truck window had already been broken when Ms. Louthan arrived at the house. The defendant's father testified that he had heard the argument and had watched the latter portion of the

2

meeting between his son and his fiancee and stated that he had not seen his son either break out the window or strike the girl. Otis Hatfield, a friend of the defendant's father, testified similarly. Debbie A. Goins testified that she had driven by the defendant's father's house as Ms. Louthan was pulling into the driveway and that the back window of the truck was already broken out.

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In a challenge to the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of

3

innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

The instant case is a classic example of a swearing contest. The jury believed Ms. Louthan's version of how her truck window came to be broken. This was the jury's prerogative and we will not disturb its verdict. The defendant's argument that the jury's decision to acquit him on the assault charge proves that it had reasonable doubt as to the vandalism charge is without basis in law or fact. The evidence was sufficient to prove that he vandalized Ms. Louthan's truck and this issue is without merit.

The defendant next contends that the trial court erred by not putting him on immediate probation. We disagree. The trial court denied immediate probation "because of the prior [criminal] record, the history of alcohol abuse, and the deterrence factor." The defendant has two prior convictions for DUI. He also admitted during cross-examination in the guilt phase of the trial that he had been driving without a driver's license at the time of the offense. He told the officer preparing the presentence report that he had started using alcohol at age sixteen and that he continues to use it "now and then." The "deterrence factor" referred to the court's particular concern that "a message needs to go out that violence is not the way to settle conflicts."

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. T.C.A.
§ 40-35-401(d) Sentencing Commission Comments.

Our review of the record establishes that the trial court considered the

4

sentencing principles and all relevant facts and circumstances and the defendant's sentence is therefore cloaked with the presumption of correctness. In sentencing the defendant, the trial court considered the sentencing purposes set forth in T.C.A. § 40-35-102, and "highlighted" the following:

> [O]ne, every defendant shall be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense. Number two, to assure fair and consistent treatment of all defendants by eliminating unjustified disparity in sentencing and providing a fair sense of predictability of the criminal law and its sanctions. And three, to prevent crime and promote respect for the law by providing an effective deterrent to those likely to violate the criminal laws of the state.

T.C.A. § 40-35-102 (1), (2) and (3)(a). The court further considered the sentencing considerations set forth in T.C.A. § 40-35-103, and "highlighted" the following:

> One, confinement is necessary to avoid depreciating the seriousness of the offense, or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses. . . . However, the sentence imposed should be no greater than that deserved for the offense committed. Inequalities in sentences should be avoided and the sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed.

T.C.A. § 40-35-103 (1)(B), (2) and (3).

The burden of establishing suitability for probation rests with the defendant. T.C.A. § 40-35-303(b); State v. Charlton, 746 S.W.2d 467, 469 (Tenn. Crim. App. 1987). Factors applicable to determining the defendant's suitability for probation include the circumstances of the offense, his criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Gennoe, 851 S.W.2d 833, 837 (Tenn. Crim. App. 1992).

It is clear from the record of this cause that the defendant does not have a great deal of respect for our laws: he started drinking while underage; he has been

5

convicted for DUI twice, yet continues to drink; he has driven his car upon the public highways without a license to do so; and he engaged in an act of vandalism while upset with his fiancee. As set forth above, the trial court's decision to deny immediate probation is presumed correct. Our <u>de novo</u> review of the record establishes that the evidence does not preponderate against the court's implied finding below that the defendant did not carry his burden of proving his suitability for probation. We therefore conclude that the factors relied upon by the trial court in denying probation were proper.[1] As we have stated before, "This [C]ourt should not place trial judges in a judicial straight-jacket in the area of sentencing, and we should exercise restraint in interfering with their traditional discretionary powers." <u>State v. Charles Jerry Talley</u>, No. 03C01-9508-CC-00220, Blount County (Tenn. Crim. App. filed May 21, 1996, at Knoxville).

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
CORNELIA A. CLARK, Special Judge

_____

[1]We note that the trial judge did set the defendant's release eligibility at ten percent.