# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1997 SESSION



**FILED**

**July 18, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No.  02C01-9608-CR-00275 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Bernie Weinman, Judge |
| | ) |
| **WILLIAM BELL,** | ) (Sentencing - Habitual Motor Vehicle |
| | )  Offender) |
| Appellant. | ) |

FOR THE APPELLANT:

Larry E. Fitzgerald
Attorney at Law
22 N Second Street, Suite 410
Memphis, TN 38103

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Georgia Blythe Felner
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Reginald R. Henderson
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED: _____


**AFFIRMED**


**PAUL G. SUMMERS,**
Judge


**O P I N I O N**

The appellant, William Bell, pled guilty to the unlawful possession of a handgun and to unlawfully operating a motor vehicle while being a habitual motor vehicle offender. He received an effective sentence of one year. He appeals, contending the trial court erred in failing to suspend his sentence and in denying him probation. Upon review, we affirm the judgment of the trial court.[1]

Tennessee Code Annotated § 40-35-103 (1)(A)-(C) (1990) sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include: (1) the need to protect society by restraining a defendant having a long history of criminal conduct; (2) the need to avoid depreciating the seriousness of the offense; and (3) the concept that confinement is particularly appropriate to deter others likely to commit similar offenses. Tenn. Code Ann. § 40-35-103 (1)(A)-(C) (1990). In reviewing a grant or denial of probation, this Court also considers (1) the circumstances of the offense; (2) the defendant's criminal record; (3) his/her social history; (4) present physical and mental condition; and (5) the deterrent effect of the sentence. State v. Charlton, 746 S.W.2d 467 (Tenn. Crim. App. 1987). This Court has previously determined that a negative finding of any one of these factors is sufficient to support a denial of probation. State v. Baron, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983). We have held that an appellant's lack of candor at the sentencing hearing is sufficient to justify the denial of an alternative sentence. State v. Chrisman, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994); State v. Neeley, 678 S.W.2d 48 (Tenn. 1984). Candor is probative on the issue of amenability to rehabilitation, the impetus behind probation.

---

[1]The state argues that the court's power to suspend the appellant's sentence is statutorily restricted by Tenn. Code Ann. § 55-10-616(c) (1993). This provision states that the court has no power to suspend a sentence of a person convicted of operating a motor vehicle while in violation of a court order. In State v. Ricky Fife, No. 03C01-9401-CR-00036, Blount Co. (Tenn. Crim. App. June 15, 1995), this Court held that the 1989 Sentencing Reform Act superseded all former provisions and that a motor vehicle offender's felony sentence could be suspended pursuant to Tenn. Code Ann. § 40-35-303(a) (1990). We, however, investigated this issue. Our research reveals that Tenn. Code Ann. § 55-10-616(c) was enacted at the same time as Tenn. Code Ann. § 40-35-303(a). Parenthetically, this panel questions whether the General Assembly intended to implicitly repeal Section 55-10-616(c). However, as demonstrated by our opinion in the instant case, regardless of whether a motor vehicle offender is or is not eligible for alternative sentencing, such persons are certainly not always entitled to alternative sentencing.

Appellants' dishonesty with the trial court and with themselves reduces their rehabilitative potential.

The trial judge stated that he was denying the appellant's request for alternative sentencing in order to deter the appellant and others from driving when such conduct has been prohibited by court order. Furthermore, he felt the appellant was not credible and had lied to the court throughout the entire sentencing hearing. We find no error in this ruling.

The record reveals that the appellant took his driving restrictions lightly. He admitted to driving his vehicle on several occasions in violation of the court's order. Based upon the appellant's lack of candor, the need to avoid depreciating the seriousness of the offense, and the need for deterrence, the denial of alternative sentencing was proper. Incarceration will insure the appellant's compliance and hopefully enlighten him to the seriousness of his offense.

AFFIRMED.


_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
DAVID H. WELLES, Judge          -4-



_____
JOE G. RILEY, Judge